[Atlas Coal Co. v. O'Rear.]

# Atlas Coal Co. *v.* O'Rear.

## *Assumpsit.*

(Decided June 17, 1909.  50 South. 63.)

1. *Pleading; Variance; Allegation and Proof.*—Where the complaint describes the contract as having been made between plaintiff and others proof that the contract was between plaintiff and his brother operating as partners, and others constituted a variance which was not cured by proof that plaintiff's brother had relinquished all interest in the claim.

2. *Same; Amendment After Demurrer to Evidence.*—In view of the liberality of the statute relating to amendment of pleading, the fact that defendant had demurred to the evidence, would not ipso facto deprive plaintiff of the right to amend his complaint.

3. *Dismissal and Non Suit; Discontinuance; Dismissal as to One Defendant.*—Where it appears that one of the parties sued was acting only as the agent of the other defendant in the premises, the plaintiff can dismiss as to the agent on the ground that no cause of action exists against him without effecting a discontinuance as to the other defendant.

APPEAL from Walker Law and Equity Court.

Heard before Hon. T. L. SOWELL.

Action by G. D. O'Rear against the Atlas Coal Company upon a contract. Judgment for plaintiff and defendant appeals. Reversed and remanded.

BANKHEAD & BANKHEAD, for appellant.—The demurrers to the 1st count as amended should have been sustained.—*Danforth v. T. C. & R. R. Co.,* 93 Ala. 614. The damages claimed are too remote and speculative.—*Moulthrop v. Hyatt,* 105 Ala. 493. There was a variance between the contract sued on and that proven.—*Mansill v. Northern Ala.,* 138 Ala. 549; 9 Cyc. 755. The 9th charge should have been given.—1 A. & E. Ency. of Law, 987. The 12th charge should have been given.—*Danforth v. T. & C. R. R. Co., supra.* The 14th charge should have been given.—*Ladd v. Shattock,* 90

Ala. 134. Charge 18 should have been given.—*Learned-Letcher Co. v. Ohatchee Co.*, 111 Ala. 455, Charge 20 should have been given.—*Postal Tel. Co. v. Lenoir*, 107 Ala. 643; *Wails v. Meal*, 65 Ala. 59; *George v. Ross*, 128 Ala. 670. Striking out Buck as a party defendant was a discontinuance of the action.—*Torry v. Forbes*, 94 Ala. 135.

SHERRER & COONER, and RAY & LEITH, for appellee.— No brief came to the Reporter.

McCLELLAN, J.—The complaint is comprised of counts seeking recovery for the breach of a contract to deliver at an agreed price a certain number of cross-ties and also common counts for work and labor done and for money due on an account. The Atlas Coal Company and Charles A. Buck were the original parties defendant, and the special counts alleged that the contract was entered into between plaintiff, O'Rear, and these defendants.

Aside from other questions, a reversal of the judgment must result because of the variance created by allegation that the contract was with the plaintiff, whereas the proof tended to show only a contract with plaintiff and his brother, operating as partners. The plaintiff sought to avoid the effect of this variance by proof tending to show that his copartner had relinquished his interest in the claim arising from the alleged breach of the contract, or in the contract itself. It is manifest that this, if true, did not affect to alter the averments of the complaint descriptive of the contract declared on, nor to qualify the asserted, by the plaintiff in the proof, fact that the contract was with him and another as partners. The amendment striking out the name of Buck as a party defendant still left the complaint with the aver-

ments descriptive of the contract. The affirmative charges as to counts 4 and 5, requested by defendant Atlas Coal Company, were erroneously refused to it on the score of a variance.

Upon the conclusion of the plaintiff's evidence the defendants formally demurred to the evidence. Thereupon the plaintiff asked leave to amend the complaint by striking therefrom the name of Buck as a party defendant, and, over objection, the amendment was allowed. The Atlas Coal Company then moved the court to enter a discontinuance of the action as to it. The motion was overruled. The demurrer to the evidence does not appear to have been ruled on.

It is urged for appellant that the court was powerless to allow the amendment stated after the demurrer to the evidence was interposed. Since out statutes of amendment are so liberal, and have been always so construed and applied in that spirit, we do not think it can be safely or soundly held that demurrer to the evidence ipso facto deprives defendant in such demurrer of the right of amendment provided by the statutes. While the statute treating demurrer to the evidence commands the court to require the adverse party to join in the demurrer, yet that duty on the court may be well performed, and the right of amendment still preserved to the adversary in the demurrer. The broad purpose of our liberality in amendments, within the statutes, is to determine the rights of the parties litigant in the pending action. Some strong reason ought to appear before the wholesome purpose is thwarted.

We are of the opinion that a discontinuance was not effected by the dismissal as to Buck. Buck, it appears from tendencies of the evidence, was only acting in the premises as the agent of the defendant; and hence it was permissible for the plaintiff to dismiss as to him

without operating a discontinuance, on the theory. that "no just cause of action existed against Buck.—*Torrey v. Forbes,* 94 Ala. 140, 10 South. 320.

Since a reformation of the complaint must be had before another trial below, there is no occasion to consider er the sufficiency of the special counts as against the demurrers interposed thereto. It will suffice to say that *Tenn. & Coosa R. R. v. Danforth,* 112 Ala. 80, 20 South. 502, appears to announce general principles of law applicable to the rights and liabilities of the parties on the general status evinced by this record.

The judgment is reversed, and the cause is remanded.

Reversed and remanded.

Dowdell, C. J., and Anderson and Sayre, JJ., concur.