# McKinnon v. City of Birmingham, et al.

### Injury from Defective Street.

(Decided February 3, 1916.   Rehearing denied March 30, 1916.
71 South. 463.)

1. **Municipal Corporations; Defective Streets; Filing Claim; Time.**— Under § 1275, Code 1907, when construed to effect its purpose to give the officers of a city opportunity to investigate the claim, and not to require technical accuracy which might result in the defeat of meritorious claims, a statement giving the day of the month and year, but not whether in the day time or night time, was a sufficient statement of the time.

2. **Time; Day.**—As defined by satute, and within the meaning of the law a day means twenty-four hours—the period of time intervening between any midnight and the midnight following.

APPEAL from Jefferson Circuit Court.
Heard before Hon. E. C. CROW.

[McKinnon v. City of Birmingham, et al.]

Action by R. A. McKinnon against the city of Birmingham and others, for damages alleged to have been sustained by a fall caused by a defective street. Judgment for defendant and plaintiff appeals. Reversed and remanded.

F. E. BLACKBURN, for appellant. M: M. ULLMAN, and W. A. JENKINS, for appellee.

GARDNER, J.—Appellant brought suit against appellee for recovery of damages-alleged to have been sustained by a fall on the sidewalk of the city of Birmingham, caused by stumbling over a stake across which a wire was stretched. The complaint, as last amended, shows that on August 7, 1914, plaintiff made out in writing his claim against the said city for the damages therein set forth and his claim was duly verified. It was set forth that the injury occurred on May 20, 1914, and the said claim was duly presented and filed with the clerk of said city. The demurrer to the complaint, as last amended, which was sustained by the court below, takes the point that the complaint shows the claim filed by the plaintiff did not sufficiently allege the time when said accident occurred, and this is the only question presented for determination on this appeal.

(1) Section 1275 of the Code provides for the filing of claims against a municipality in the following language: "No recovery shall be had against any city or town on a claim for personal injury received unless a sworn statement be filed with the clerk, by the party injured, or his personal representative in the case of his death, stating substantially the manner in which the injury was received and the day and time, and the place where the accident occurred, and the damages claimed."

Counsel for appellee insist that the claim is insufficient in merely giving the date and the year, without stating whether it was during the day or night that the accident occurred. In *East Tenn., etc., R. R. Co. v. Carloss*, 77 Ala. 443, this court, in speaking of the statute then in existence, which provided that in a suit against a railroad company for damages to live stock, or cattle of any kind, the complaint must state, among other things, the time when the killing or injury occurred said: "The purpose of the requirement is to inform the railroad officials, with reasonable certainty, as to the circumstances attending the alleged injury, so that they may act advisedly in the investigation of

the case, either with the view of voluntarily adjustment, or of defense at law. The time, we think, should be stated to be a specified day of a given month and year."

It will thus be seen that this court held the view that it was a sufficient designation of the time to give the day of the month and year. In speaking of the statute under consideration in the instant case it was said in *Brannon v. City of Birmingham,* 177 Ala. 419, 59 South. 63: "Statutes similar to this one have been previously construed by this court, wherein it was held that they were designed for the purpose of giving the city authorities an opportunity to investigate and adjust claims made against the city, without the expense of litigation, and that a compliance therewith on the part of the plaintiff was a condition precedent to the maintenance of a suit.—*Newman v. B'ham,* 109 Ala. 630, 19 South. 902; *Bland v. Mobile,* 142 Ala. 142, 37 South. 843."

And in *Newman v. Mayor and Alderman of Birmingham,* 109 Ala. 630, 19 South. 902, cited in the *Brannon Case,* this language was used: "Technical accuracy is not required. It is enough if the board is fairly informed of the nature and amount of the claim, so that it can act intelligently in the investigation and allowance or rejection of the same."

It thus appears that the holding of this court, in construing statutes of this character, to the effect that technical accuracy is not required, but that substantial compliance with the statute is sufficient, is in line with the weight of authority and in conformity with good reason.—5 McQuillan on Mun. Corp. 5124, 5125; *Hase v. City of Seattle,* 51 Wash. 174, 98 Pac. 370, 20 .L. R. A. (N. S.) 938; *Sullivan v. City of Syracuse,* 77 Hun, 440, 29 N. Y. Supp. 105.

We are also in accord with the following statement found quoted in *Hase v. Seattle, supra,* that: "It was not intended that the terms of the notice should be used as a stumbling-block or pit-fall to prevent recovery by meritorious claimants."

(2) As defined by statute and within the meaning of the law a day means 24 hours, the period of time between any midnight and the midnight following.—13 Cyc. 262. When the purpose of the statute as above set forth is considered, we are persuaded that a claim, stating a specified day of a given month and year, is a substantial compliance with the statute, and it was not the intention of the lawmakers to require a more specific description, either as to the hour or whether it was night or day.

[Tennessee C. I. & R. R. Co. v. Rutledge.]

The trial court was doubtless guided in the conclusion reached by the language used in the opinion in *Brannon v. Birmingham, supra.* The statement in the opinion, to the effect that the claim should state whether the accident occurred during the day or night, if the exact hour is not given, was a mere dictum, as a reading of the opinion readily discloses. The question determinative of the appeal, as shown by the opinion, was that of a material variance between the statement of the claim as to the place of the injury and the proof with respect thereto, and a reference to the brief of counsel for appellee in that cause discloses that to have been the point pressed upon the consideration of the court.

We are of the opinion that the complaint, as last amended, was not subject to the demurrer interposed thereto, and the judgment of the court below is therefore reversed and the cause remanded.

Reversed and remanded.   All the Justices concur.