(130 So. 547)

## SIBLEY et al. v. BOWEN.

### 8 Div. 220.

Supreme Court of Alabama.

Oct. 23, 1930.

Wm. L. Chenault, of Russellville, for appellants.

Jas. L. Orman, of Russellville, for appellee.

FOSTER, J.

This is a suit on a note executed by Robert Rollins, William Rollins, W. H. Austin, and J. C. Sibley. William Rollins and J. C. Sibley were dead and the adminstrator of neither was sued at the beginning. Later the administrator of Sibley was made a party. At the time he was made a party the suit against him was barred by limitations (Code 1923, § 8944), unless some feature of the facts relieved the bar of the statute.

■ The complaint alleged partial payments made by defendants up to and including December 29, 1925. The suit was not barred by the statute if such payments started anew the statute on that date. The administrator of Sibley demurred to the complaint because it showed on its face that it was barred as to him. But a complaint at law is not subject to demurrer on that ground, for there must be a plea to present the issue. Huss

v. Cent., etc., Co., 66 Ala. 472; Russell v. Garrett, 204 Ala. 98, 85 So. 420. The defendant Sibley then filed pleas of the statute of limitations.

■ Appellee contends that, as the amendment making Sibley a party was authorized by section 9513, Code 1923, by which parties defendant may be added by amendment, and in which it is provided that certain amendments so authorized shall relate back to the commencement of the suit, therefore the suit as to Sibley so related, preventing the bar of the statute. This court has otherwise interpreted the statute. As to a party added by amendment, the statute of limitations continues to run until the amendment is filed making him a party. Roth v. Scruggs, 214 Ala. 32, 106 So. 182.

So that on that question the suit must be treated as begun against Sibley, when he was made a party. This was more than six years after maturity of the note, and the bar would be complete unless the partial payments took it out of the effect of the statute.

■ The evidence showed that the note was for money borrowed by Robert Rollins, and that he made all the partial payments. In order that partial payments shall relieve the burden of the statute of limitations, they must be made by the party sought to be charged. If made by a comaker of a note, whether he be the principal debtor or a mere joint debtor, it does not affect the bar in favor of the other makers, though they are mere sureties. Code 1923, § 8964; McLean v. First Nat. Bank of Montgomery, 221 Ala. 103, 127 So. 550; Lowther v. Chappell, 8 Ala. 358, 42 Am. Dec. 364.

The appellant Sibley was therefore entitled to the affirmative charge as requested, and the court erred in refusing it.

■ Plea 8 was stricken on motion. It was defective for the failure to allege that the agreement of extension was for a valuable consideration and perhaps for other reasons, all of which could be pointed out by demurrer. Ray v. Summerlin, 211 Ala. 334, 100 So. 482; Scott v. Scruggs, 95 Ala. 393, 11 So. 215.

A demurrer and not a motion to strike is the appropriate method of testing the sufficiency of pleas, unless they are prolix, irrelevant, frivolous, or unnecessarily repeated. Alabama G. S. R. R. Co. v. Clark, 136 Ala. 450, 34 So. 917; Mobile Electric Co. v. Sanges, 169 Ala. 341, 53 So. 176, Ann. Cas. 1912B, 461; Ashurst v. Arnold-Henegor-Doyle Co., 201 Ala. 480, 78 So. 386; Code 1923, § 9458.

There was therefore reversible error as to the appellants Austin and Sibley in sustaining the motion to strike plea 8.

We do not think it necessary to treat the other assignments of error, as they will not likely occur on another trial.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.