FRANCES C. HOUSE, Plaintiff, *v.* THE CITY OF NEW YORK and Another, Defendants.

City Court of New York, New York County, May 11, 1931.

*House, Holthusen & McCloskey* [*Emily Marx* of counsel], for the plaintiff.

*A. J. W. Hilly* [*Louis Diamant* of counsel], for the City of New York.

*W. J. Curtin* [*Lawrence J. McKenna* of counsel], for the defendant Eighth and Ninth Avenues Railways Company.

RYAN, J. This was an action brought by the plaintiff to recover damages for personal injuries alleged to have been sustained by her by falling to the pavement because of its defective condition while she was crossing at the intersection of Amsterdam avenue and LaSalle street. The Eighth and Ninth Avenues Railways Company operated its line of surface cars over said intersection and were joined as a defendant with the city of New York.

The case was tried by the court and a jury and at the conclusion of the plaintiff's case, the city of New York moved to dismiss the complaint as against it on divers grounds, among which was that the notice of claim filed by the plaintiff was insufficient. The notice of claim filed by the plaintiff, so far as material to the motion, states that she sustained the injuries complained of on May 3, 1927, through the negligence of the officials of the city of New York " in permitting deep ruts along the street car rails at LaSalle Street and Amsterdam Avenue, in the Borough of Manhattan, City of New York, where the asphalt has been entirely worn away for an

extended distance and the car rails exposed so as to render the crossing unsafe and dangerous for pedestrians, so that I, the said Frances C. House, in crossing at said intersection  *  *  *  stepped into a rut alongside such exposed rail  *  *  *  fell  *  *  *  and was injured." At the trial it appeared that at the intersection of LaSalle street and Amsterdam avenue there were eight car rails. The notice was intended to enable the officials of the city to examine the place at which the injuries were alleged to have been received, and it states that deep ruts were permitted to exist along the street car " rails," which were exposed — the plural term being used. No certain rut or rail is designated. Then the notice goes on to state that at said intersection claimant stepped into a rut along said exposed rail, without specifying what particular rut or rail caused the injury. This is significant. Plaintiff in her testimony placed the location of her injury at a point near the southerly rail of the south-bound car track. The police officer testified that the hole or rut was along the north rail of the south-bound car track. From a reading of the notice it is fair to assume that along all the rails at LaSalle street and Amsterdam avenue deep ruts were permitted to exist and all the rails were exposed. The injuries were claimed to have been sustained by claimant stepping into a rut alongside such exposed rail, only one being referred to. The notice, in its indefiniteness, was insufficient to apprise the defendant, the city of New York, as to what particular rail or rut caused the alleged injury, or upon which of the four crosswalks she was walking, and thus failed to locate the place of the accident, as required by statute (Greater New York Charter, § 261, as amd. by Laws of 1912, chap. 452). The statute in question is mandatory that the notice shall state the time when and the place where the injuries were received, and is in the nature of a condition precedent to the right to recover. That there was not a substantial compliance with its provisions seems clear, when neither the one certain rail or rut of the eight is mentioned, nor the one certain crosswalk of four is designated. The motion to dismiss the complaint as to the city of New York is granted. In view of this decision, it is unnecessary to determine the other motions of said defendant.