6 So.2d 884

### CITY OF BIRMINGHAM v. HORNSBY.

6 Div. 979.

Supreme Court of Alabama.

Feb. 19, 1942.

Rehearing Denied March 12, 1942.

Taylor & Higgins and Waldrop Windham, all of Birmingham, for appellee.

John S. Foster, of Birmingham, for appellant.

GARDNER, Chief Justice.

While walking on the sidewalk along the south side of First Avenue, North, between Twentieth and Twenty-first Street and in front of the premises known as 2023 First Avenue, North, in the City of Birmingham, Alabama, plaintiff's right foot was caught on the rim of an elevator opening protruding about one-half inch above the surface of the sidewalk and as she stepped with her left foot upon the elevator lid she slipped and fell evidently with some force to the sidewalk, sustaining injuries for

which she recovered a judgment against the city.

This elevator lid was smooth and slick as distinguished, by the proof, from other such lids in the city that are corrugated and rough. The left foot was near the center of the elevator and the door lid gave way to some extent in a slant and it could be reasonably inferred this fact accelerated the fall.

It therefore appears the jury could infer that there existed for a long number of years a combination of conditions creating a situation not reasonably safe for pedestrians and we think the case comes within the influence of City of Birmingham v. Monette, 241 Ala. 109, 1 So.2d 1, 133 A.L.R. 1020, and that under that authority the affirmative charge was properly refused. It may be added, also that under order of the court the jury, by acquiescence or agreement of the parties, viewed the scene of the accident and the following authorities are applicable upon the question of the affirmative charge. City of Roanoke v. Johnson et al., 229 Ala. 496, 158 So. 182; Warble v. Sulzberger Co. of America, 185 Ala. 603, 64 So. 361; Faught v. Leith et al., 201 Ala. 452, 78 So. 830; Folmar Mercantile Co. v. Town of Luverne, 203 Ala. 363, 83 So. 107.

The only other question relates to the sufficiency of the notice, as required by what is now § 659, Title 62, Code 1940, to the City. Our authorities are uniform to the effect that technical accuracy is not required. Substantial compliance suffices. There was no intention on the part of the law makers that such a statute should be used as a stumbling block or pit fall to prevent recovery by meritorious claimants. McKinnon v. City of Birmingham, 196 Ala. 56, 71 So. 463.

The notice in this case gives all information necessary for an intelligent investigation of the place and nature of the accident, the damages claimed, the residence of the claimant and indeed the proof discloses that the assistant city engineer did in fact make such intelligent investigation and was a helpful witness for the city. The notice contained in substance all the matters of information required by the statute and was sufficient. Defendant's argument to the contrary would require a very minute detail and technical accuracy not contemplated by the statute.

We have considered the two points pressed in argument and find them without merit. Further elaboration is unnecessary. There was no error to reverse. Let the judgment stand affirmed.

Affirmed.

THOMAS, BROWN, and FOSTER, JJ., concur.

### On Rehearing.

GARDNER, Chief Justice.

There were only two questions presented on this appeal. The record was given careful study and pertinent authorities in briefs of respective counsel examined and considered. In writing the opinion we endeavored to be brief. We thought then, and still think, this was a commendable effort. But counsel for the city are much impressed their insistence upon the point as to the insufficiency of the notice filed "has not received the consideration from the Supreme Court to which an appellant is entitled", and that our brief summary in regard to this question is unsustained by the record "because every consideration mentioned is contrary to the facts in the case".

A brief response is in order. The argument presents nothing new. Counsel cites City of Birmingham v. Mauzey, 214 Ala. 476, 108 So. 382. There confessedly the filed notice contained "some inaccuracies", but the holding was that it sufficed as a substantial compliance with the statute and McKinnon v. City of Birmingham, 196 Ala. 56, 71 So. 463, was cited to the effect that "technical accuracy is not required" [214 Ala. 476, 108 So. 385].

Upon this application there is again pressed upon our attention the case of House v. City of New York, 140 Misc. 132, 250 N.Y.S. 63, which appears to be a decision by one of the lower courts of record of New York. This case had not escaped our notice upon original consideration of this cause. We considered in the first place that it was distinguishable upon the facts and we still so consider it. And in the second place we thought our conclusion was sustained by the rule established under our own authorities and of consequence there was no need to look elsewhere, whether in a lower or higher court. And we saw no occasion to further inquire whether or not under the New York statute and decision a more technical accuracy was required.

We have said the assistant city engineer did in fact make intelligent investigation of the place of the injury. But counsel says this was due solely to the answers to interrogatories filed in this cause and not before; that there were at this particular location, several other metal lids and the particular lid upon which plaintiff stumbled could not be located until the above answers were filed.

True there were some other metal lids. But it must be borne in mind this plaintiff was seeking damages for a defect in the sidewalk and we have concluded she has offered sufficient proof to sustain a recovery as for a defect in the lid to the elevator in front of the premises known as 2023 First Avenue North. No one indicates any defective condition of any other metal lid.

The testimony of the engineer shows this metal lid was smooth "no corrugation in there or anything to keep people from slipping on it" and that in the center "it has a slight depression" and the metal frame "elevated ½ to ⅜ of an inch above the concrete sidewalk". No similar condition is shown to exist as to any other metal lid and the engineer does not state he had difficulty in locating this lid and its defective condition. He merely says in this regard that he "did not know which lid Mrs. Hornsby had in mind until some time after suit was filed, and after interrogatories were propounded to her. I did not know which lid she had in mind".

Of course the plaintiff could have slipped and fallen on the sidewalk and on some metal lid without any defect whatever and as a result of her own mis-step. The engineer did not known the lid she had in mind, so he states, but this is not saying he did not know the lid that was defective and in all probability caused the accident. And we repeat the plaintiff was claiming damages for a defective condition, or else she had no claim at all. But we forego further discussion.

We adhere to the view the claim (which appears in the report of the case) sufficed as a substantial compliance with the statute and that defendant was not entitled to have given the requested affirmative charge in its behalf for and on account of any development in the proof.

All of the matter herein discussed had been considered when the cause was first determined, but for the sake of brevity were not given elaboration in the opinion. In deference, however, to the earnest argument of counsel on this application we have thought it appropriate to more fully state our views.

The application will be denied.

Application overruled.

THOMAS, FOSTER, and BROWN, JJ., concur.