11 So.2d 148

### COLE v. CITY OF BIRMINGHAM.

6 Div. 89.

Supreme Court of Alabama.

Dec. 22, 1942.

562

M. B. Grace, of Birmingham, for appellant.

Wm. L. Clark, of Birmingham, for appellee.

LAWSON, Justice.

Appellant brought suit against appellee for recovery of damages for personal injuries alleged to have been occasioned by a defective street.

The court below sustained defendant's demurrer to plaintiff's amended complaint, and the plaintiff, on account of this adverse ruling of the court, suffered a nonsuit, with an appeal on the record, as is provided by Section 819, Title 7, Code of 1940. Brasher v. First National Bank of Birmingham, 232 Ala. 340, 168 So. 42; Herrmann v. Mobile County, 202 Ala. 274, 80 So. 112.

The original complaint alleged that the plaintiff was injured on May 9, 1941. It was amended so as to incorporate the sworn notice or statement which the record discloses was filed by the plaintiff with the clerk of the City of Birmingham on July 10, 1941. That part of the notice or claim which is here pertinent is as follows: "Stella Cole on *April 11, 1941,* resided at 1051 Britten Street, Birmingham, Alabama. On the night of *April 11, 1941,* at about 7:30 P. M., Stella Cole fell into a manhole near the intersection of 6th Avenue and 16th Street, South, Birmingham, Alabama, which manhole was between the sidewalk and the edge of the street and near the corner of 6th Avenue and 16th Street, South, Birmingham, Alabama, on the west side of 16th Street, which manhole was constructed and maintained by the City of Birmingham, the top or covering of the manhole being uneven, did not fit the hole and was in a dangerous condition. A Negro church is situated on the corner of 6th Avenue and 16th Street, South, Birmingham, Alabama, and on the night of *May 9, 1941,* Stella Cole got out of an automobile on the 16th Street side, going to church, stepped on the top of the covering to the manhole, and as she did, the top or covering, turned to one side, and her body fell into the manhole, the following injuries being sustained, * * *." (Emphasis supplied.)

The demurrer to the complaint as last amended, which was sustained by the court below, takes the point that the complaint shows that the statement filed by the plaintiff did not sufficiently allege the time when said injury occurred, and this is the only question presented for determination on this appeal.

Section 659, Title 62, Code of 1940 (General Acts, 1915, p. 298, Section 12), re-

quires that a statement setting out certain information be filed with the city clerk before a suit may be brought against the City of Birmingham on a claim for personal injury or from neglect or wrongful injury to personal property. Said section is as follows: "No suit shall be brought or maintained nor shall any recovery be had against the city on a claim for personal injury, or for neglect or wrongful injury to personal property, unless within ninety days from the receipt of such injury, a sworn statement be filed with the city clerk, or the city officer corresponding thereto, by the party injured, stating substantially the manner in which the injury was received and the day and time and place where the accident occurred, and the damage claimed, and stating with substantial accuracy the nature and character of the injury received and the street and house number where the party injured resides."

Counsel for appellee strenuously insist that the statement is insufficient in that it alleges that the injury occurred on two separate days, namely, the 11th day of April, 1941, and the 9th day of May, 1941, and that, therefore, the City of Birmingham was not notified of the day and time when the alleged accident occurred, as is required by Section 659, Title 62, Code of 1940.

■ Our cases construing the above section and a very similar statute which is applicable to cities and towns generally (Section 504, Title 37, Code of 1940) have uniformly held that a substantial compliance therewith is sufficient and that technical accuracy is not required. It has been said that the purpose of the statute requiring the notice was to give the board an opportunity to investigate and adjust claims preferred against the city without the expense of litigation. Newman v. Mayor and Aldermen of Birmingham, 109 Ala. 630, 19 So. 902; Maise v. City of Gadsden, 232 Ala. 82, 166 So. 795; City of Birmingham v. Hornsby, 242 Ala. 403, 6 So.2d 884; McKinnon v. City of Birmingham, 196 Ala. 56, 71 So. 463.

■ In Benton v. City of Montgomery, 200 Ala. 97, 75 So. 473, it was held the notice to the city is not sufficient if it alleges that the accident occurred on a certain day when in fact it actually happened on another, even though the date set out in the notice was just one day later than the date on which the accident occurred. However, we do not think that case is controlling here. In the instant case, although two dates are mentioned in the notice, the city authorities were advised that the claimant hoped to recover for an injury sustained on one of the days mentioned in the notice, and while the imperfection in the notice probably required the city authorities to investigate as to the condition of the street on both days, we do not think this fact should be held to prevent the plaintiff from having her day in court.

The only case which has been called to our attention wherein a similar question was dealt with is Canter v. City of St. Joseph, 126 Mo.App. 629, 105 S.W. 1, 2. Section 5724, Revised Statutes of Missouri 1899, is as follows: "No action shall be maintained against any city of the second class on account of any injuries growing out of any defect in the condition of any bridge, street, sidewalk or thoroughfare in said city, unless notice shall first have been given in writing, verified by affidavit, to the mayor of said city, within sixty days of the occurrence for which such damage is claimed, stating the place where, the time when such injury was received, and the character and circumstances of the injury, and that the person so injured will claim damages therefor from such city." A notice was filed with the Mayor of the City of St. Joseph wherein the accident was alleged to have occurred on two different dates. Counsel for the city argued that such notice was not a sufficient compliance with the statute. It was held: "To permit a claimant to give a wrong date would not only have a tendency to mislead the city to its detriment, but to open the door to imposition and fraud, and thus to defeat the principal purpose of the statute, and it would be entirely immaterial whether or not in the particular case the city actually had been misled. The infirmity in the notice would consist in the fact that it failed to embody a correct statement of an essential fact, and thus fell short of meeting the requirements of the statute. In the present case, the notice contains the correct date, and we fail to perceive that defendant could have been misled. Manifestly any reasonable person, with that notice before him, would have seen that one of the two dates given was a mere error, and would have covered both in his investigation of the case. We must presume the officers of the city acted in an ordinarily prudent manner, and therefore that their attention

564

was called by the notice to the cause of action now before us. The case is essentially different from those to which we have been cited where but one date was given in the notice, and that an erroneous one. In those cases the notice conveyed no suggestion that a mistake had been made, while here it did, and contained a statement of the true date. While a strict compliance with the terms of the statute must be enforced, notices given thereunder should be liberally construed to effect the real legislative purpose expressed in the enactment, which is not to throw obstacles in the way of meritorious actions against municipalities, but to discourage the prosecution of those that are fraudulent or exaggerated. The demurrer to the evidence was properly overruled."

We think that the notice filed by the plaintiff was in sufficient compliance with the statute. The complaint as amended was not subject to the demurrer interposed thereto, and the judgment of the court below is therefore reversed and the cause remanded.

Reversed and remanded.

GARDNER, C. J., and BOULDIN and FOSTER, JJ., concur.