81 So.2d 336

Mae **TOLBERT**

v.

**CITY OF BIRMINGHAM et al.**

**6 Div. 427.**

Supreme Court of Alabama.

June 16, 1955.

Geo. Rogers and W. A. Jenkins, Jr., Birmingham, for appellant.

Wm. L. Clark, Birmingham, for appellee City of Birmingham.

Bainbridge & Mims, Beddow & Jones and Robt. W. Gwin, Birmingham, for individual appellees.

GOODWYN, Justice.

Appellant, plaintiff below, brought suit against the City of Birmingham to recover damages for personal injuries allegedly sustained on October 31, 1949, as the result of a fall on a defective public sidewalk. To comply with Code 1940, Tit. 62, § 659, plaintiff filed with the City Clerk of Birmingham on November 22, 1949, a sworn statement of claim reciting the following:

"You are hereby respectfully notified that the·undersigned, while walking on

and over a public sidewalk in the City of Birmingham, Alabama, to-wit, at or near the Southwest corner of the intersection of 24th Street and 3rd Avenue, North, was injured in that while walking on the west side of Twenty-first Street to-wit, at or near the corner where Twenty-first Street intersects Third Avenue, North, she fell, tripped or stumbled on or into a depression or hole in the sidewalk. The undersigned's left arm was broken and fractured, her left knee was bruised, contused, wrenched and sprained, she was made sick and sore and caused to suffer much pain and mental anguish, she was permanently injured. The accident occurred on October 31, 1949, about 12:00 o'clock noon and the undersigned claims Five Thousand Dollars ($5,000.00) as damages for her said injuries. The undersigned lives at Dora, Route 1, Alabama, and lived at said address at the time she received her injuries."

The original suit was filed on December 22, 1949.

The City demurred to the complaint and on November 1, 1950, moved for a nonsuit on the ground that Mrs. L. A. Latham, as lessee, and Dr. Dan C. Donald and Mrs. Dan C. Donald, as owners, of the property abutting the defective sidewalk should have been joined as parties-defendant for the reason that they are "the persons primarily liable for the condition of the sidewalk at the placed referred to in the plaintiff's complaint." The City's motion for non-suit contains an averment to the effect that on May 24, 1950, the City's attorney of record informed the plaintiff's then attorney of record of the names of the parties that should have been joined with the City as parties-defendant. Plaintiff answered the motion, denying each and every allegation and demanding strict proof. Evidence on the motion was then taken orally before the court. Thereupon the court, on November 2, 1950, entered judgment that said parties should have been joined as defendants and that "unless the complaint is amended so as to join said parties as defendants the motion for a non-suit will be granted." The complaint was then amended on November 24, 1950, by adding said parties as defendants and amended further on March 24, 1952, by adding the following to the one count of the amended complaint:

"The sworn statement next above referred to and which plaintiff filed as aforesaid on, to-wit, November 22, 1949, is copied herewith as Exhibit 'A' and made a part hereof. Plaintiff further avers that in said sworn statement there is typographical error in that after having correctly stated the location of the place where plaintiff was injured as 'at or near the Southwest corner of the intersection of 24th Street and 3rd Avenue, North', said statement further referred through error to said location as 'Twenty-first Street' when in fact and in truth Twenty-fourth Street was intended. Plaintiff further avers that the City officers and employees were not in fact misled in any wise by this error in the statement but were correctly advised thereby of the exact location where plaintiff was injured as aforesaid and did immediately following the filing of said claim investigate and examine the defect on the sidewalk where plaintiff was in fact injured and with full knowledge at that time that plaintiff was injured at said place."

The newly joined defendants, Mrs. Latham and the Donalds, interposed a plea, separately and severally, that "the cause of action, as alleged in the plaintiff's complaint as last amended, is barred by the statute of limitations of one year." Plaintiff demurred to this plea.

The City demurred to the complaint as last amended. The grounds assigned all go to the sufficiency of the sworn statement, supra, filed with the City Clerk on November 22, 1949, to meet the requirements of Code 1940, Tit. 62, § 659, supra. This section applies specially to the City of Birmingham and provides as follows:

"§ 659. Claims for personal injury and property damage filed within ninety days.—No suit shall be brought or maintained nor shall any recovery be had against the city on a claim for personal injury, or for neglect or wrongful injury to personal property, unless within ninety days from the receipt of such injury, a sworn statement be filed with the city clerk, or the city officer corresponding thereto, by the party injured, stating substantially the manner in which the injury was received and the day and time and place where the accident occurred, and the damage claimed, and stating with substantial accuracy the nature and character of the injury received and the street and house number where the party injured resides."

For requirement for filing of tort claims against cities generally, see Code 1940, Tit. 37, §§ 476, 504. The specific defects pointed out by the demurrer are that the complaint shows on its face that the sworn statement filed with the city clerk (1) "does not sufficiently state the place where the accident occurred", (2) "does not show with sufficient certainty whether the alleged accident occurred on Third Avenue North between 23rd and 24th Streets or on 24th Street between 2nd and 3rd Avenues, or on 21st Street between 2nd and 3rd Avenues", and (3) "does not state the street and house number of plaintiff" nor "with sufficient certainty the residence address of the plaintiff."

Judgment was rendered overruling plaintiff's demurrer to the plea of the statute of limitations and sustaining the City's demurrer to the complaint as last amended. Plaintiff's motion for a non-suit being granted, she brought this appeal for review of said rulings.

Argument is made on behalf of the City that to permit a claimant "to ignore the requirements of the statute pertaining to the joinder of persons liable with the City and thereby place such persons in a position where they can set up the statute of limitations as a defense after being joined upon

order of the trial court, the power to defeat the purpose of the mandatory provisions of the statutes referred to is within the hands of the attorneys for the claimant." It is further argued "that the term 'personal defense' as used in Section 503 [Code 1940, Tit. 37] was never intended to apply to a defense under the statute of limitations which is allowed to operate as a result of a deliberate failure on the part of the claimant's attorneys to join as parties defendant the persons primarily liable"; and that "a contrary conclusion by this Court in this case would virtually emasculate the mandatory provisions pertaining to the joinder of the persons who are primarily obligated to respond in damages to a claimant."

■ Code 1940, Tit. 7, § 26, prescribes a limitation of one year within which an action for personal injuries must be commenced. It is shown by the complaint that the injuries were sustained on October 31, 1949. And the record shows that the action against defendants Mrs. Latham and the Donalds was commenced on November 24, 1950, more than a year after the injuries were sustained, by adding them as parties-defendant in the suit against the City, which was commenced within the one year period. In this situation, it seems clear that the demurrer to the plea was properly overruled.

■ We have held that, as against a party added by amendment, the statute of limitations continues to run until the amendment is filed making him a party to the suit. Ruffin v. Crowell, 253 Ala. 653, 658, 46 So.2d 218; Birmingham Gas Co. v. Sanford, 226 Ala. 129, 133, 145 So. 485; Sibley v. Bowen, 222 Ala. 13, 14, 130 So. 547; Roth v. Scruggs, 214 Ala. 32, 34, 106 So. 182, 185. As stated in the last cited case of Roth v. Scruggs:

"As against a party added by amendment, the statute of limitations continues to run until the amendment is filed making him a party to the suit. A suit against one person cannot stop the running of the statute against another. Wilson's Adm'r v. Holt, 91 Ala.

*204, 8 So. 794; Seibs v. Engelhardt, 78 Ala. 508; Nelson v. First Nat. Bk., 139 Ala. 578, 36 So. 707, 101 Am.St.Rep. 52; Cochrane v. Fuller, 17 Ala.App. 230, 84 So. 400."*

In discussing the question in Sibley v. Bowen, supra [222 Ala. 13, 130 So. 548], we said the following:

"Appellee [plaintiff] contends that, as the amendment making Sibley a party [defendant] was authorized by section 9513, Code 1923 [Code 1940, Tit. 7, § 237], by which parties defendant may be added by amendment, and in which it is provided that certain amendments so authorized shall relate back to the commencement of the suit, therefore the suit as to Sibley so related, preventing the bar of the statute. This court has otherwise interpreted the statute. As to a party added by amendment, the statute of limitations continues to run until the amendment is filed making him a party. Roth v. Scruggs, 214 Ala. 32, 106 So. 182."

We see nothing in § 503, Tit. 37, Code 1940, supra, which has the effect of suspending the running of the statute of limitations as to persons who are jointly liable with the City. Section 503 is as follows:

"The injured party, if he sues the municipality for damages suffered by him, shall also join such other person or persons or corporation so liable as defendant or defendants of the suit, and no judgment shall be rendered against the city or town, unless judgment is rendered against such other person or corporation so liable for such injury, except where a summons is returned not found as to a defendant or when judgment is rendered in his favor on some personal defense, and if an action be brought against the city or town alone and it is made to appear that any person or corporation ought to be joined as a defendant in the suit according to the provisions in the preceding section, the plaintiff shall be nonsuited, unless he amends by making such party or corporation a defendant if a resident of the state, but no person shall be sued jointly with the city or town who would not be liable separately, irrespective of this provision. When a judgment shall be obtained against a municipality and the other party liable as aforesaid, execution shall issue against the other defendant or defendants in the ordinary form, and shall not be demandable of the city or town unless the other defendants are insolvent, and the same cannot be made out of their property, and the city or town shall pay only so much of the said judgment as cannot be collected out of the other defendants. If the injured party shall, before bringing suit, demand of the mayor of such municipality the name of such other person or persons or corporation as may be liable jointly with the said municipality to such injured party, and if such mayor fail to furnish within ten days from the making of such demand, the name of such person or persons or corporation, so jointly liable, the said injured party shall not be required to join such other person as a party defendant with said municipality in any suit brought to recover damages for such injuries."

As we view it, the legislature simply did not see fit to make the running of the statute of limitations unavailable as a defense to parties who might be joined as defendants with the City. It is obvious, as argued by the City, that such omission makes it possible for a plaintiff to circumvent the effective joinder as defendants of parties who might be jointly liable with the City. But the remedying of that situation rests with the legislature and not with us.

■ That a plea of the statute of limitations is a "personal defense" seems to be well established. May v. Mathers, 233 Ala. 654, 657, 172 So. 907; Evans v. Faircloth-Byrd Mer. Co., 165 Ala. 176, 179, 51 So. 785; Stoutz v. Huger, 107 Ala. 248, 253, 18 So. 126; 53 C.J.S., Limitations of Actions, § 24, p. 958; 34 Am.Jur., Limitation of Actions, Sects. 13, 405, pp. 23, 318.

The remaining question to be decided is whether the statement of claim filed with the City Clerk on November 22, 1949, meets the requirements of § 659, Tit. 62 Code 1940, supra. We are constrained to hold that it does. We have held that the filing of a claim in accordance with Section 659 is mandatory and a condition precedent to the right to sue the City. But we have also held that substantial compliance will suffice; and that technical accuracy is not required. Cole v. City of Birmingham, 243 Ala. 561, 563, 11 So.2d 148; City of Birmingham v. Hornsby, 242 Ala. 403, 405, 6 So.2d 884; Downs v. City of Birmingham, 240 Ala. 177, 185, 198 So. 231; City of Birmingham v. Weston, 233 Ala. 563, 565, 566, 172 So. 643, 109 A.L.R. 970; Grambs v. City of Birmingham, 202 Ala. 490, 492, 80 So. 874; City of Birmingham v. Edwards, 201 Ala. 251, 255, 77 So. 841; McKinnon v. City of Birmingham, 196 Ala. 56, 57, 58, 71 So. 463. The statute does not contemplate that the statement of claim shall be drawn with all the technical nicety of a pleading.

In discussing the sufficiency of the statement of claim required by Section 659, supra, this court, in City of Birmingham v. Hornsby, supra [242 Ala. 403, 6 So.2d 885], had this to say:

"Our authorities are uniform to the effect that technical accuracy is not required. Substantial compliance suffices. There was no intention on the part of the law makers that such a statute should be used as a stumbling block or pitfall to prevent recovery by meritorious claimants."

The place where the injuries were received is described in the complaint as being "at or near the Southwest corner of the intersection of Twenty-fourth Street and Third Avenue, North, on the West side of Twenty-fourth Street, to-wit, at or near the corner where Twenty-fourth Street intersects Third Avenue, North, in the City of Birmingham, Jefferson County, Alabama." In the complaint as last amended there is further identification of the place as being on the public sidewalk which abuts upon the premises of the individual defendants designated as 2331 3rd Avenue, North. In the statement of claim the place is described as being on a public sidewalk "at or near the Southwest corner of the intersection of 24th Street and 3rd Avenue, North," and also as being "on the West side of Twenty-first Street, to-wit, at or near the corner where Twenty-first Street intersects Third Avenue, North". In this situation the first question presented is whether the statement of claim is rendered fatally defective in giving two entirely different locations as the place where the accident occurred. We think not, and will give our reasons for so holding later on in this opinion. There is then presented another question: Assuming, as we must in the present posture of the case, that the correct location is that as alleged in the complaint, was the description of that location as given in the statement of claim a sufficient compliance with the requirements of Section 659, supra? Our view is that the description is in substantial compliance with the statute and that the statement of claim, on its face, is not fatally defective. We proceed to give our reasons for these conclusions.

With respect to the first question, it seems to us that the principle approved in Cole v. City of Birmingham, supra [243 Ala. 561, 11 So.2d 149], is analogous to the situation here and is of controlling influence. In that case a notice to the municipality stated that claimant sustained his injury on two different dates. In holding that the notice was not so defective as to prevent maintenance of the action, this court observed that "although two dates are mentioned in the notice, the city authorities were advised that the claimant hoped to recover for an injury sustained on one of the days mentioned in the notice, and while the imperfection in the notice probably required the city authorities to investigate as to the condition of the street on both days, we do not think this fact should be held to prevent the plaintiff from having her day in court."

Also in the Cole Case this court quoted with approval the following from Canter

v. City of St. Joseph, 126 Mo.App. 629, 105 S.W. 1, 2:

"* * * In the present case, the notice contains the correct date, and we fail to perceive that defendant could have been misled. Manifestly any reasonable person, with that notice before him, would have seen that one of the two dates given was a mere error, and would have covered both in his investigation of the case. We must presume the officers of the city acted in an ordinarily prudent manner, and therefore that their attention was called by the notice to the cause of action now before us. The case is essentially different from those to which we have been cited where but one date was given in the notice, and that an erroneous one. In those cases the notice conveyed no suggestion that a mistake had been made, while here it did, and contained a statement of the true date. While a strict compliance with the terms of the statute must be enforced, notices given thereunder should be liberally construed to effect the real legislative purpose expressed in the enactment, which is not to throw obstacles in the way of meritorious actions against municipalities, but to discourage the prosecution of those that are fraudulent or exaggerated. * * *'"

■ As to the second question, it is to be noted that the ruling under review is on a demurrer to the complaint. The effect of the judgment sustaining the demurrer going to the sufficiency of the statement of claim is to hold that its insufficiency is affirmatively shown by the statement itself. Tested in the light of the purpose of the statute—to afford the municipal authorities an opportunity to investigate the claim—we cannot, in the present status of the case, say that the place of the accident is inadequately stated. "At or near the Southwest corner of the intersection of 24th Street and 3rd Avenue, North", to be sure, places the accident at two possible points, one on 24th Street and the other on 3rd Avenue, North. But one of these places is the correct loca-

tion. Accordingly, there seems no good reason why the principle applied in answering the first question is not also applicable here.

■ Stating the "street and house number where the party injured resides" is ordinarily indispensable to the maintenance of the action, and a statement of claim which contains no reference to the claimant's place of residence is fatally defective. But that does not mean that the law requires the performance of an impossibility, as where the claimant's residence is on an unnamed road or street or does not have a house number. In such a situation, it seems to us that the statute is complied with where there is a bona fide attempt to comply with the law and the statement filed accomplishes its purpose of notice. The purpose of the requirement is to enable the municipal authorities to locate or to communicate with the claimant. And this purpose is accomplished "if an address is given at which or through which claimant may be found in order that the municipal authorities may make such investigation of the merits as may be desired." 63 C.J.S., Municipal Corporations, § 925, p. 356. We are unwilling to hold that the statement of claim now before us affirmatively shows a noncompliance with the requirements as to claimant's residence. We judicially know that the residence addresses of rural inhabitants are often stated in the same manner as claimant stated her residence. For us to say, at this stage of the case, that the purpose of the statute has not been substantially complied with would take us into the realm of conjecture and speculation. We would not be warranted in assuming that the municipal authorities have been unable, by the exercise of reasonable diligence, to locate claimant's residence from the address as given or that they have been misled by the address as given. Those are questions more properly to be determined from evidence which might be offered on the particular issues.

From what we have said it follows that the action of the trial court in overruling the demurrer to the plea of the statute of

limitations is due to be here affirmed, and that the action of the trial court in sustaining the demurrer to the complaint as last amended and dismissing the suit should be reversed and the cause remanded. It is so ordered.

Affirmed in part, reversed in part, and remanded.

All the Justices concur.