158 So.2d 99

**CITY OF ANNISTON**

v.

**Bertha Kelley ROSSER.**

**7 Div. 546.**

Supreme Court of Alabama.

Aug. 1, 1963.

Rehearing Denied Dec. 12, 1963.

Robt. C. Dillon, Anniston, for appellee.

Emerson, Watson, Wilson & Propst, Anniston, for appellant.

LIVINGSTON, Chief Justice.

This appeal is from a final judgment awarding $2500 to the appellee, Bertha Kelley Rosser, in an action against the appellant, the City of Anniston, a Municipal Corporation, to recover damages resulting from injuries received by the appellee when she stepped into an open water meter receptacle of appellant located approximately in front of her residence.

The complaint as last amended contained three counts, each, in substance, charging the City of Anniston with negligently leaving such water meter box uncovered.

Count 1 alleges, in substance, that plaintiff was injured while walking or running on a public highway or street across a plot of grass between the sidewalk and the curbing, approximately in front of her residence, when she stepped into an open water meter receptacle approximately 18 inches in depth. Appellee alleged that her injuries were directly and proximately caused by an agent, servant or employee of the City of Anniston, Alabama, acting within the line and scope of his employment as such servant, agent or employee in removing the cover of said water meter and thereafter negligently failing to replace said cover.

Count 2 is substantially the same as Count 1 with the exception that it avers that plaintiff was injured while crossing a portion of said public highway *in front of her residence,* as opposed to *approximately in front of her residence,* as stated in Count 1.

Count 3 is similar to Count 1 with the exception that in this Count, appellee avers that "said hole or receptacle remained in said public highway or public street for an unreasonable length of time, and as a proximate consequence of stepping in said hole or receptacle she was injured and damaged as follows," etc.

Each of the three counts avers that on, to wit, the 20th day of August, 1959, the appellee filed with the City Clerk of the City of Anniston a sworn statement which stated substantially the manner in which her injuries were received and the day, time and place where the accident occurred, and the amount of damages claimed.

Appellant interposed the plea of general issue in short by consent, with leave, etc.

There are 13 assignments of error, only 8 of which are argued in brief. The 8 argued assignments of error present in various forms three principal questions for review: (1) Was the statement of claim filed with the city sworn to in the manner and form exacted by the statute? (2) Was there a fatal variance between the statement of claim filed with the city and the evidence offered in support thereof? (3) Whether or not there was sufficient proof to support an award of damages for any expenditures made or obligations incurred by appellee for doctors' services.

The case must be reversed because of a fatal variance between the claim filed by the city and the evidence introduced in support of the claim.

Sec. 504 of Title 37, Code of Alabama 1940 (Recompiled Code of 1958), is as follows:

"Statements, claims, or demands for injury filed.—No recovery shall be had against any city or town, on a claim for personal injury received, unless a sworn statement be filed with the clerk, by the party injured, or his personal representative, in case of his death, stating substantially the manner in which the injury was received, *and the day and time, and the place* where the accident occurred, and the damages claimed." (Emphasis supplied.)

Following appellee's statement of claim was an affidavit, as follows:

"* * * did depose and say that she is the claimant in the above claim against the City of Anniston, and that the allegations set up therein are true to the best of her knowledge, information and belief.

"Bertha Kelley Rosser"

Appellant argues that a verification that a claim filed against a city for personal injuries is true to the best of one's knowledge, information and belief is an insufficient compliance with the statute. In support of this argument, appellant cites numerous decisions of this Court to the effect that such a verification is insufficient. True enough, but all of the decisions cited deal with subjects foreign to the issue here to be decided. They deal with verification of

claims against estates, mechanics' liens, discovery of assets, vendors' liens, and affidavits for appointment of receivers. We do not think they are apt authorities in the instant case.

■ We have repeatedly held that technical accuracy is not required by Sec. 504, Title 37, supra, but only substantial compliance is required.

■ The purpose of the statute requiring notice to the city before bringing suit for injury or death is to enable the municipality to investigate and determine the merits of the claim, Smith v. City of Birmingham, 243 Ala. 124, 9 So.2d 299; and to adjust claims without the expense of litigation if the circumstances warrant. Cole v. City of Birmingham, 243 Ala. 561, 11 So.2d 148; Ray v. City of Birmingham, ante p. 332, 154 So.2d 751; Tolbert v. City of Birmingham, 262 Ala. 674, 81 So.2d 336, 63 A.L.R.2d 901.

It is true that some of the authorities cited construed the requirement of Sec. 659, Title 62, Code of 1940, a local act applying to the City of Birmingham, but for the purposes of the instant case, Sec. 659, supra, is identical with Sec. 504, supra. We said in the Tolbert case, supra:

"The remaining question to be decided is whether the statement of claim filed with the City Clerk on November 22, 1949, meets the requirements of § 659, Tit. 62 Code 1940, supra. We are constrained to hold that it does. We have held that the filing of a claim in accordance with Section 659 is mandatory and a condition precedent to the right to sue the City. But we have also held that substantial compliance will suffice; and that technical accuracy is not required. Cole v. City of Birmingham, 243 Ala. 561, 563, 11 So.2d 148; City of Birmingham v. Hornsby, 242 Ala. 403, 405, 6 So.2d 884; Downs v. City of Birmingham, 240 Ala. 177, 185, 198 So. 231; City of Birmingham v. Weston, 233 Ala. 563, 565, 566, 172 So. 643, 109 A.L.R. 970; Grambs v. City of Birmingham, 202 Ala. 490, 492,

80 So. 874; City of Birmingham v. Edwards, 201 Ala. 251, 255, 77 So. 841; McKinnon v. City of Birmingham, 196 Ala. 56, 57, 58, 71 So. 463. The statute does not contemplate that the statement of claim shall be drawn with all the technical nicety of a pleading.

"In discussing the sufficiency of the statement of claim required by Section 659, supra, this court, in City of Birmingham v. Hornsby, supra [242 Ala. 403, 6 So.2d [884] 885], had this to say:

"'Our authorities are uniform to the effect that technical accuracy is not required. Substantial compliance suffices. There was no intention on the part of the law makers that such a statute should be used as a stumbling block or pitfall to prevent recovery by meritorious claimants.'"

■ We hold that the verification of the claim filed with the City of Anniston in the instant case was sufficient.

■ We come now to the question of a variance between the claim filed with the City of Anniston and the proof introduced to support it.

The statement of the claim filed stated that the accident complained of occurred on June 11, 1959. All of the evidence introduced showed that the accident occurred on June 10, 1959. Plaintiff herself testified that she was positive that the mishap occurred on June 10, 1959.

In Benton v. City of Montgomery, 200 Ala. 97, 75 So. 473, in construing § 1275, Code of 1907, which is identical to § 504 of Title 37, supra, this Court stated:

"This statute creates as a condition precedent to a recovery from any city or town of damages for personal injuries received the filing of the statement described in the statute. The verified statement filed with the clerk of the city of Montgomery expressly recited that the injury on which the claim was predicated was suffered on

December 18, 1912; whereas the undisputed proof showed that Benton was injured the day before, December 17, 1912. This conclusion is unescapable under the following adjudications delivered here in interpretation and in application of the statute quoted. Bland v. Mobile, 142 Ala. 142, 37 South. 843; Brannon v. City of Birmingham, 177 Ala. 419, 50 South. 63; McKinnon v. City of Birmingham [196 Ala. 56], 71 South. 463. In the last-cited decision this court noted the dictum, introduced into the opinion in the Brannon Case, supra, with respect to the necessity to recite in the statement exacted by the statute whether the injury was received in the daytime or the nighttime. Otherwise the authority of Brannon's Case is unimpaired. The lawmakers wrote very plainly in this statute. Two sessions of the Legislature have since convened; and no change of which we are aware has been made in this statute. To present a claim for an injury as being suffered on one day when it was suffered on another day cannot, in view of the plain terms of the statute, be held to be a substantial compliance therewith. If it should be regarded as a sufficient compliance to give notice of a claim as having arisen on the next day after it in fact had arisen, the clear mandate of the statute that the day should be given would be unjustifiably avoided. A difference, though of one day only, is a difference which, if accepted as sufficient, would preclude the application of the statute in cases where the difference was measurable by weeks, or by months within limitations otherwise provided with respect to actions against municipalities. The purpose of the statute's enactment is to accord the city authorities the 'opportunity to investigate and adjust claims made against the city, without the expense of litigation.' Brannon's Case, supra. That a city may rely for its action, and so govern it, in refusing payment or adjustment of a claim as made upon the express recitals set forth by the claimant under oath, cannot be doubted. In this instance it is possible that city authorities may have declined payment or adjustment of the claim as made because of special, related circumstances that were present on the date given in the statement filed with the city clerk. It resulted from the failure to make a proper presentation of the claim in question that the city of Montgomery was entitled to the general affirmative charge, and, in consequence, that errors, if any, committed by the trial court in respect of the city's liability were without injury to the plaintiff in so far as her case against the city was concerned. Bienville Water [Supply] Co. v. Mobile, 125 Ala. 178, 27 South. 781; Adams v. Corona Coal [& Iron] Co., 183 Ala. 127, 62 South. 536; Merriweather v. Sayre Min. [& Mfg.] Co., 182 Ala. 665, 62 South. 70; Brammer v. Pettyjohn, 154 Ala. [616] 618, 45 South. 646."

The trial court erred to reversal in refusing defendant's requested written Charge 15, which reads as follows:

"The Court charges you, Gentlemen of the Jury, that if you are reasonably satisfied from the evidence in this case, that the plaintiff received her injury on June 10, 1959, rather than on June 11, 1959, then there is a material variance between the proof in this case and the statement of claim filed with the Clerk of the defendant, and your verdict must be in favor of the defendant."

As the case must be reversed, we see no point in discussing the evidence relative to appellee's doctors' services.

For the error pointed out, the case is due to be, and is, reversed and remanded.

Reversed and remanded.

SIMPSON, MERRILL and HARWOOD, JJ., concur.