251 So.2d 226

The CITY OF FLORALA, a Municipal Corporation

v.

Mrs. Geanie PRESLEY.

4 Div. 27.

Court of Civil Appeals of Alabama.

April 21, 1971.

Rehearing Denied May 19, 1971.

James M. Prestwood, Andalusia, for appellant.

Tipler, Fuller & Melton, Andalusia, for appellee.

BRADLEY, Judge.

The appeal here resulted from a judgment being rendered for the appellee in an action for damages arising out of an accident that occurred when appellee drove her automobile into some wet cement that had been recently laid on a street in the City of Florala, Alabama.

After the accident, and within the time allowed, appellee filed notice of claim with the City of Florala as required by Title 37, Section 504, Code of Alabama 1940, as Recompiled 1958. In the claim she stated that the accident had occurred on Fifth Avenue in said city.

Thereafter, a complaint was filed by appellee, asking for damages as a result of this accident.

Demurrers that were filed were overruled, and a plea in short by consent was interposed.

Trial was had before the court and a jury, and a verdict was rendered in favor of appellee for $4,000.00. From this judgment of the court entered in accordance with the verdict of the jury, the appellant has perfected its appeal to this court.

At the conclusion of appellee's case in the court below, she moved the court to allow her to amend her complaint to show that the accident occurred on North Fifth Street in Florala, rather than Fifth Avenue in said city.

The trial court permitted this amendment, over the objection of appellant.

The evidence tended to show that while appellee was driving her automobile on North Fifth Street in Florala sometime around the middle of the afternoon of August 22, 1968, her automobile plunged into wet cement that had been poured across the traveled portion of the street.

The automobile came to an abrupt stop and could not be restarted.

The appellee got out of the car and walked around the area in a dazed condition.

Someone called a relative of hers who ran a business nearby, and he came to the scene and put the appellee in his car. He suggested that she see a doctor, but she refused. She said she wanted to go home, and he carried her home.

The next morning she was carried to a hospital in Florala for treatment of injuries allegedly resulting from the accident.

She was hospitalized or was under a doctor's care for several weeks thereafter.

Just after the accident, and while appellee was at the scene of the accident, the Police Chief of Florala arrived and talked to appellee.

Shortly after the Police Chief arrived at the scene of the accident, the Mayor of the City appeared, but he got there too late to see the appellee, for at that time she had been taken to her home.

The evidence is in conflict as to whether there were barricades across the street, warning of the wet cement.

The notice of claim that was filed with the City of Florala on behalf of appellee stated that the accident happened on Fifth Avenue. The complaint filed in the Circuit Court of Covington County averred the filing of the requisite notice with the City and also alleged the accident scene to be on Fifth Avenue in said city.

The evidence, however, showed clearly that the accident happened on North Fifth Street in the City of Florala.

The appellant filed nine assignments of error with its record on appeal; however, in brief it argued only three of these assignments, i. e., assignments 2, 5 and 8. Hence, the assignments not argued are considered waived. Supreme Court Rule 9.

■ The main issue raised by the three assignments of error is whether or not the variance between the evidence and the notice of claim filed with the City of Florala as it relates to the place of the accident is fatal and requires a reversal of this case?

The notice of claim filed with the City of Florala showed the accident occurred on Fifth Avenue in said city, whereas the evidence taken at the trial of the case in the Circuit Court of Covington County showed the accident happened on North Fifth Street in said city.

The issue of the variance was sufficiently raised by the written requested charge number one, which was refused by the trial court. Said charge reads as follows:

"The Court charges you, Ladies and Gentlemen of the Jury, that if you are reasonably satisfied from the evidence in this case, that the plaintiff received her injury on August 22, 1968 on North 5th Street in the City of Florala rather than on 5th Avenue in the City of Florala, then there is a material variance between the proof in this case and the statement of claim filed with the Clerk of the defendant, and your verdict must be in favor of the defendant".

Title 37, Section 504, Code of Alabama 1940, as Recompiled 1958, provides as follows:

"No recovery shall be had against any city or town, on a claim for personal injury received, unless a sworn statement be filed with the clerk, by the party injured, or his personal representative, in case of his death, stating substantially the manner in which the injury was received, and the day and time, and the place where the accident occurred, and the damages claimed."

A claim was filed with the appellant in accordance with this Code provision, and that fact was averred in the complaint filed in this cause.

The Supreme Court in City of Montgomery v. Weldon, 280 Ala. 463, 195 So.2d 110, said:

"The rule is quite well established that compliance with § 504 is a condition precedent to the bringing of an action against a municipal corporation and, as such, compliance with the section must be both alleged in the complaint and proven. [Citations omitted.]"

It was also said by the Supreme Court in City of Anniston v. Rosser, 275 Ala. 659, 158 So.2d 99, that:

" * * * technical accuracy is not required by Sec. 504, Title 37, supra, but only substantial compliance is required.

"The purpose of the statute requiring notice to the city before bringing suit for injury or death is to enable the municipality to investigate and determine the merits of the claim, Smith v. City of Birmingham, 243 Ala. 124, 9 So.2d 299; and to adjust claims without the expense of litigation if the circumstances warrant. Cole v. City of Birmingham, 243 Ala. 561, 11 So.2d 148; Ray v. City of Birmingham, [275] Ala. [332], 154 So.2d 751; Tolbert v. City of Birmingham, 262 Ala. 674, 81 So.2d 336, 63 A.L.R.2d 901."

In *Rosser*, supra, the Supreme Court had before it the question of whether the trial

court erred in refusing to give a written requested charge similar to the one in controversy in the case at bar. The charge in the cited case pointed out a variance in the time of the accident and contended that this was a material variance requiring a finding for the City.

The claim filed with the City of Anniston stated that the accident happened on June 11, 1959, whereas the proof taken at the trial showed that the accident occurred on June 10, 1959.

The Supreme Court said in *Rosser,* supra, that the variance was fatal and required a reversal of the case.

However, in *Rosser,* supra, the facts enumerated in the opinion did not reflect that the City of Anniston had actual knowledge of the date the accident happened, other than that provided by the notice of claim filed with it.

In the case at bar, the claim filed with the City of Florala showed the place of the accident as Fifth Avenue, whereas the evidence taken at the trial in Circuit Court showed the place of the accident to be North Fifth Street.

Appellant says its written requested charge one, pointing out this variance and asking the jury to find for appellant, should have been given by the trial court, and the court's refusal to give it to the jury warrants a reversal of this case.

In the case at bar the evidence clearly and unequivocally shows that the City of Florala, through its Mayor and Police Chief, knew on the day the accident happened where it happened, for they went to the scene and the Mayor directed the repair of the damaged cement in the street.

Therefore, the City of Florala had actual knowledge of where the accident happened, and was not misled in any way by the error set out in the notice of claim as to where the accident happened.

As was said in *Rosser,* supra, and the cases therein cited, the purpose of the notice of claim is to inform the City of an accident so that it might investigate the claim and settle it if possible to avoid the expense of litigation.

There is no question but that the City of Florala knew exactly where the accident occurred in this instance.

In the face of the undisputed evidence that the City had actual notice of the location of the accident and could not have been misled to any degree by the error as to the location of the accident in the notice of claim, we are of the opinion that there has been substantial compliance with Section 504, supra, and that the substantial rights of the appellant have in no way been impaired by the refusal of the trial court to give appellant's written requested charge one.

Furthermore, the variance that existed between the notice of claim and the evidence submitted at the trial was not, in view of the City's actual notice, a material variance warranting the giving of the requested charge.

There being no prejudicial error committed against the substantial rights of the City of Florala, this case is affirmed.

Affirmed.

## ON REHEARING

Appellant, on rehearing, asserts for the first time that the actual notice had by the City of Florala was of an incident in which appellee appeared to have no injuries, i. e., an incident at 5th Avenue without injuries. Moreover, appellant implies that as a result thereof it was denied an opportunity to investigate the claim and settle it, if possible, to avoid the expense of litigation. Appellant thereafter says, in brief, that "presumably the City could find no evidence of injury of appellee on 5th Avenue, hence no payment."

We find no merit in appellant's contentions. Appellant never contended in its brief that the injuries set out were either insufficiently or incorrectly stated. Appel-

lant simply contended that there was a fatal variance in the statement of the place of the accident and the proof thereof.

Moreover, we have previously pointed out that appellee did file a verified notice prior to suit as required by Section 504, supra, wherein appellee, among other things, listed her injuries.

Therefore, we are still of the opinion that appellant had actual notice of the place of the accident along with written notice detailing the circumstances and injuries.

Further, as we have noted, no argument touching the question of notice of injuries was made in brief upon original submission of this appeal. This, in itself, precludes our consideration of the point now raised. Grigsby v. Liles, 41 Ala.App. 627, 147 So.2d 836, revd. on other grounds, 274 Ala. 67, 147 So.2d 846.

Opinion extended.

Application for rehearing overruled.