The plaintiff appeals from grants of summary judgment for the defendant hospital board. We affirm.
On August 30, 1979, Nettie Lee Davis Poe entered Grove Hill Memorial Hospital for the purpose of childbirth. Dr. R.D. Neal performed an emergency Caeserean-section. The newborn child, Jamel Antoine Poe, died on September 9, 1979, and Mrs. Poe died September 18, 1979. William H. Poe, as administrator of the estates of Nettie and Jamel, filed wrongful death actions on January 9, 1981, against both the hospital board and Dr. Neal, alleging negligent treatment, diagnosis and care.
The motions to dismiss filed by defendant Grove Hill Memorial Hospital Board were denied on February 17, 1981. Subsequently the hospital board filed motions for summary judgment in both cases based on the plaintiff's failure to comply with the municipal non-claim statutes. These motions were supported by Town of Grove Hill Hospital Ordinance No. 1, as adopted by the Town Council of Grove Hill, and the deposition of Merwin York, administrator and chief executive officer of the hospital board. The trial court granted the hospital board's motions for summary judgment and entered final judgments under Rule 54 (b), A.R.Civ.P. Plaintiff appeals from those judgments.
The sole issue presented for review is whether the Grove Hill Memorial Hospital Board is a part of the Town of Grove Hill and subject to the six-month notice requirement for tort actions against the town. The relevant notice statutes, Code of 1975, §§ 11-47-23 and 11-47-192, are reproduced below.
"§ 11-47-23
 "All claims against the municipality (except bonds and interest coupons and claims for damages) shall be presented to the clerk for payment within two years from the accrual of said claim or shall be barred. Claims for damages growing out of torts shall be presented within six months from the accrual thereof or shall be barred." (Emphasis added.)
"§ 11-47-192
 "No recovery shall be had against any city or town on a claim for personal injury received, unless a sworn statement be filed with the clerk by the party injured or his personal representative in case of his death stating substantially the manner in which the injury was received, the day and time and the place where the accident occurred and the damages claimed." (Emphasis added.) *Page 863 
These statutes are to be construed as being in pari materia.Harris v. City of Montgomery, 435 So.2d 1207 (Ala. 1983). Therefore, to satisfy the statutory requirement, a plaintiff in a tort action against a municipality must file a sworn statement with the clerk within six months from the accrual of the claim.
The non-claim statutes do not define the terms "municipality," "city," or "town."
The hospital board contends that, because it was duly created by the Town of Grove Hill in conformity with applicable Alabama law, it is a part of the town. If that contention is correct, any tort claims against the hospital would be subject to the six-month notice requirement. The plaintiff's case against the hospital would then fail for lack of notice, and the summary judgments in favor of the hospital board would be proper.
Plaintiff Poe, on the other hand, argues that the hospital board is not a part of the town. He says that the Town Council of Grove Hill gave complete control of the hospital to the hospital board, creating a separate entity under Cole v.Sylacauga Hospital Board, 269 Ala. 405, 113 So.2d 200 (1959).
Cole concerned a dispute between the Sylacauga Hospital Board and the Sylacauga Civil Service Board. The civil service board attempted to require an examination for the office of administrator of the Sylacauga hospital. The hospital board sought an injunction to prevent the administrator from having to sit for the examination. The trial court granted the injunction, and this Court affirmed the decision on the basis that the municipal civil service board lacked jurisdiction over the hospital board. This Court recognized in Cole that a municipality may voluntarily elect to turn the operation of a municipal hospital over to a separate entity.
The Sylacauga Hospital Board was established as a corporation under Tit. 22, § 190 (1), Ala. Code of 1940 (Recomp. 1958), which allows the incorporation of municipal hospital boards. Section 190 (1) (current version at Code of 1975, § 22-21-5), incorporates by reference Tit. 22, § 204 (25) (current version at Code of 1975, § 22-21-78), which is set out below in pertinent part:
 "(e) All debts created and securities issued by the corporation [hospital board] shall be solely and exclusively an obligation of the corporation and shall not create an obligation or debt of the state of Alabama or of any county or municipality. The faith and credit of the State of Alabama, or of any county or municipality therein, shall never be pledged for the payment of any debt incurred or securities issued by the corporation. . . ."
A municipality which chooses to incorporate its hospital board under § 190 (1), therefore, limits its liability and creates a separate entity.
This case is legally and factually distinguishable from Cole, however. Unlike the Sylacauga Hospital Board in Cole, the Grove Hill Memorial Hospital Board was not incorporated under § 190 (1), supra. It was established under Tit. 22, § 189, Ala. Code of 1940 (Recomp. 1958) (current version at Code of 1975, §22-21-1), which allows municipalities to create unincorporated hospital boards.
We take note of an Attorney General's opinion pertaining to this subject. Although opinions of the Attorney General are not binding on this Court, this opinion concerning a hospital board created under § 189 is persuasive:
 "1. Hospitals established by joint action of a county and a city or town, pursuant to Code 1940, Tit. 22 § 189, may not be leased to a private corporation or association for operation. Such hospitals must be operated continuously and exclusively through a board or commission selected jointly by the county and city, or town.
 "2. The costs and expenses of such operation are liabilities on the part of the county and city, or town, for which they are jointly and severally liable, for the payment of which, or of any deficit caused by such operation, the county and city, or town, may appropriate their funds." 39 Ala. Att'y Gen.Q.Rep. 17 (1945). *Page 864 
We agree that this is the proper construction. Under § 189 the Town of Grove Hill could not limit its liability nor couldit abandon or relinquish control and management of the hospital
as it could under § 190 (1). The town council elected not to create a separate entity by choosing not to incorporate the hospital board. In fact, the operating budget of the hospital is subject to the final approval of the town council, not the hospital board. Therefore, the Grove Hill Memorial Hospital Board was organized and is operated as a part of the Town of Grove Hill and the six-month notice requirement of § 11-47-23
applies in this case. Accordingly, the trial court's grants of summary judgment for the hospital board are due to be, and they are hereby, affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and SHORES, JJ., concur.