Tommy Williams and Paula Williams, administrators of the estate of Quinton Jevone Williams, deceased, filed a wrongful death action against the Water Works and Gas Board of the City of Ashville (hereinafter "the Board") to recover for the death *Page 471 
of their minor son. The trial court dismissed the complaint because the Williamses failed to file a claim with the Board within six months of the accrual of the cause of action, holding that such a claim was required by Ala. Code 1975, §§ 11-47-23 and 11-47-192 (the non-claims statutes).
The Williamses filed a sworn claim with the clerk of the City of Ashville on April 10, 1984. Suit was later filed against the Board in Etowah County Circuit Court; it was transferred to St. Clair County. Summary judgment was granted in favor of the Board on February 11, 1985.
The only issue presented for review is whether the Board comes within the provisions of Ala. Code 1975, §§ 11-47-23 and11-47-192, and is therefore protected by the six-month filing requirement for tort actions against municipalities. The relevant notice statutes are reproduced below:
 "§ 11-47-23. Limitation periods for presentation of claims against municipalities.
 "All claims against the municipality (except bonds and interest coupons and claims for damages) shall be presented to the clerk for payment within two years from the accrual of said claim or shall be barred. Claims for damages growing out of torts shall be presented within six months from the accrual thereof or shall be barred."
 "§ 11-47-192. Filing of statement as to manner of injury, damages claimed, etc.
 "No recovery shall be had against any city or town on a claim for personal injury received, unless a sworn statement be filed with the clerk by the party injured or his personal representative in case of his death stating substantially the manner in which the injury was received, the day and time and the place where the accident occurred and the damages claimed."
These statutes are to be construed in pari materia. Poe v.Grove Hill Memorial Hosp. Bd., 441 So.2d 861, 863 (Ala. 1983);Harris v. City of Montgomery, 435 So.2d 1207 (Ala. 1983). Therefore, to satisfy the statutory requirement, plaintiffs in a tort action against a municipality must have filed a sworn statement with the clerk within six months from the accrual of the claim. Poe, supra.
The non-claims statutes do not define the terms "municipality," "city," or "town."
The Board contends that, due to its municipal function and/or its status as a municipal corporation, it should be afforded the protection of the non-claims statutes. The Board argues that the Williamses' case against it fails for lack of notice, and that the dismissal of the complaint was proper.
The Williamses, however, argue that the Board is not a municipal corporation, but rather a public corporation independent of the municipality. They cite this Court's holding in Poe v. Grove Hill Memorial Hosp. Bd., 441 So.2d 861
(Ala. 1983), in which we distinguished Cole v. SylacaugaHospital Board, 269 Ala. 405, 113 So.2d 200 (1959), as authority for the proposition that a separate legal entity was created by the City's action in incorporating the Board. Thus, according to plaintiffs, the Board cannot claim the benefit of the non-claims statutes and plaintiffs were not required to give notice prior to instituting this action.
In cases of statutory construction, it is proper to give the words of the statute their plain and usual meaning.Ex parte Madison County, 406 So.2d 398 (Ala. 1981); DarksDairy, Inc. v. Alabama Dairy Commission, 367 So.2d 1378 (Ala. 1979). A "municipality" has been defined as "[a]n incorporated city, village, or town." Ballentine's Law Dictionary 823 (1969). Although traditionally referred to generically as "municipal corporations," entities organized to perform some governmental function separately from the city or town which they serve do not qualify as municipalities in the primary sense of that word as it is used in §§ 11-47-23. An entity of this nature, separate from the city or town it serves, is more appropriately referred to as a "quasi corporation," a "quasi-municipal corporation," a "public-service corporation," or a "public corporation."
This Court has held that a public corporation organized under Ala. Code 1975, *Page 472 
§§ 11-50-230 through -241, is an entity separate and independent from the city it serves. Waterworks Board of theCity of Leeds v. Huffstutler, 292 Ala. 669, 299 So.2d 268
(1974); City of Mobile v. Cochran, 276 Ala. 530, 165 So.2d 81
(1964).
The plain words of the non-claims statutes militate in favor of a narrow construction on the question of what constitutes a "municipality" for purposes of these statutes. The term "municipality" is used interchangeably with the words "city or town" when describing the intended beneficiaries of the statutes' protection. The intent of the legislature in enacting these statutes was exclusively to benefit incorporated municipalities. The statutes are designed to provide the city with notice of the claim, thereby enabling it to investigate and perhaps settle the claim without the expense of litigation. City of Anniston v.Rosser, 275 Ala. 659, 158 So.2d 99 (1963); City of Montgomeryv. Weldon, 280 Ala. 463, 195 So.2d 110 (1967); City of Floralav. Presley, 47 Ala. App. 94, 251 So.2d 226, cert. denied,287 Ala. 727, 251 So.2d 229 (1971); Hunnicutt v. City ofTuscaloosa, 337 So.2d 346 (Ala. 1976).
The Board urges upon us previous holdings to the effect that "[t]he supplying of water to a city and its inhabitants is a municipal function and a Water Works Board incorporated under the provisions of Tit. 37, §§ 394-402, Code 1940, as amended, is in that sense an agency of the city. Jackson v.Hubbard, 256 Ala. 114, 53 So.2d 723 [(1951)]." Water WorksBoard of the Town of Parrish v. White, 281 Ala. 357, 362,202 So.2d 721, 725 (1967). The Town of Parrish case involved a dispute between the citizens of the Town of Parrish and the water works board serving that town, incorporated by the Parrish town government, over the accountability of the board to the public. This Court held that the board was an agency of the town for purposes of public account ability for its actions in supplying water to the inhabitants. Town of Parrish did not involve the non-claims statutes.
Although the Board is in fact performing a municipal function, it does not follow that the Board has now become a municipality for purposes of the non-claims statutes. The City may delegate authority to agents for various purposes, but non-claims protection will not be extended to all entities that at one time or another are engaged in activities described as municipal functions.
By incorporating the Board for the operation of the water works and gas systems, the City of Ashville has elected to create an entity separate from the municipality and outside the protection provided by the non-claims statutes. Accordingly, the order of dismissal was improper and is due to be, and it is hereby, reversed, and the cause is remanded to the trial court for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, BEATTY and HOUSTON, JJ., concur.