MONROE, Judge.
Chris Turner sued his employer, Von Braun Civic Center, seeking workers’ compensation benefits and alleging a retaliatory discharge. Turner settled his workers’ compensation claim. The civic center filed a motion for a summary judgment on Turner’s retaliatory discharge claim, alleging that Turner had failed to present his claim to the City of Huntsville within six months, as required by Alabama’s non-claims statutes, §§ 11-47-23 and 11-47-192, Ala.Code 1975. The trial court held a hearing on the motion, after which it entered a summary judgment in favor of the civic center based on the non-claims statutes. Turner appeals.
Turner contends that the trial court erred in entering a summary judgment in favor of the Von Braun Civic Center, because, he says, the civic center is not a “municipality,” “city,” or “town” within the meaning of the non-claims statutes. Therefore, he says, he was not required to present his retaliatory discharge claim to the City of Huntsville.
A motion for summary judgment may be granted only when there is no genuine *1184 issue of material fact and the moving party is entitled to a judgment as a matter of law. Rule 56(c), Ala.R.Civ.P.; Crowne Investments, Inc. v. Bryant, 638 So.2d 873 (Ala.1994). The burden is on the moving party to show that there is no material fact in dispute; the evidence is to be viewed in the light most favorable to the nonmovant, and all reasonable inferences are to be drawn in that party’s favor. Id.
Rule 56 is read in conjunction with.the “substantial evidence rule,” § 12-21-12, Ala. Code 1975. See Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala. 1989). To defeat a defendant’s properly supported motion for summary judgment, the plaintiff must present substantial evidence, i.e., “evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assurance Co. of Florida, 547 So .2d 870, 871 (Ala.1989).
Alabama’s non-claims statutes, §§ 11-47-23 and 11-47-192, are to be construed in pari materia. Poe v. Grove Hill Memorial Hospital Board, 441 So.2d 861, 863 (Ala.1983); Harris v. City of Montgomery, 435 So.2d 1207 (Ala.1983). Section 11-47-23 reads as follows:
“All claims against the municipality (except bonds and interest coupons and claims for damages) shall be presented to the clerk for payment within two years from the accrual of said claim or shall be barred. Claims for damages growing out of torts shall be presented within six months from the accrual thereof or shall be barred.”
Section 11^7-192 states:
“No recovery shall be had against any city or town on a claim for personal injury received, unless a sworn statement be filed with the clerk by the party injured or his .personal representative in case of his death stating substantially the manner in which the injury was received, the day and time and the place where the accident occurred and the damages claimed.”
To satisfy the statutory requirement, a plaintiff in a tort action against a municipality must have filed a sworn statement with the clerk within six months from the accrual of the claim. Poe, supra.
In Williams v. Water Works & Gas Board of the City of Ashville, 519 So.2d 470, 472 (Ala.1987), the Alabama Supreme Court wrote that while a city “may delegate authority to agents for various purposes, ... non-claims protection will not be extended to all entities that at one time or another are engaged in activities described as municipal functions.” The court held that because the water and gas board had been incorporated, the City of Ashville had “elected to create an entity separate from the municipality and outside the protection provided by the non-claims statutes.” Id. Therefore, the court held, the trial court erred in dismissing an action against the water and gas board on the ground of failure to comply with the non-claims statute. Id.
On the other hand, in Poe, 441 So.2d 861, the Alabama Supreme Court found that the Town of Grove Hill town council had elected not to create a separate entity by choosing not to incorporate the town’s hospital board. Therefore, the court held, the hospital board was organized and operated as part of the Town of Grove Hill and the non-claims statute applied. Id. The court then upheld a summary judgment in favor of the hospital board on the ground of failure to comply with the non-claims statute. Id.
The record shows that in 1970 the City of Huntsville passed an ordinance creating the Yon Braun Civic Center Board of Control. According to the ordinance, which is a part of the record on appeal, the board is “authorized to maintain, control, operate and manage the Von Braun Civic Center.” The city gave the board the power to appoint officers and employees and to fix their compensation; to make contracts; and to otherwise manage and operate the civic center.
Turner contends that there is no evidence indicating whether the civic center board is or is not an incorporated entity. Therefore, he argues, the civic center failed to carry its burden of proving that there are no genuine issues of material fact and that it was entitled to a judgment as a matter of law.
The civic center maintains that there is evidence in. the record to prove that the board is unincorporated. It then cites this court to a 91-page portion of the record. This court has read all 91 pages, most of *1185 which consist of Turner’s deposition, in an effort to find the evidence on which the civic center relies. However, after reading the cited pages, including the ordinances authorizing the creation of the board, we could find no evidence indicating whether the board is or is not incorporated or is otherwise an entity separate from the City of Huntsville.
The civic center, as the party moving for the summary judgment, carries the burden of showing that no genuine issue of material fact exists. According to the record, the civic center provided no evidence as to whether the board incorporated after its creation. We hold that the Von Braun Civic Center failed to carry its burden of proving that there is no genuine issue of material fact and that it is entitled to a judgment as a matter of law.
The trial court erred in entering a summary judgment for the Von Braun Civic Center. The judgment is reversed and this cause is remanded to the circuit court for further proceedings.
REVERSED AND REMANDED.
THOMPSON, J., concurs.
ROBERTSON, P.J., concurs in the result only.
YATES and CRAWLEY, JJ., dissent.