ALMON, Justice.
This Court has granted a petition for the writ of certiorari filed in the name of “Von Braun Civic Center.” The record shows that no legal entity exists by this name, but the answer, the petition for the writ of certiorari, and other filings accede to the plaintiffs use of this designation, so we shall occasionally refer to the defendant as “the Civic Center.” No issue has been made of the capacity of the named defendant to be sued, and we pretermit consideration of that question.
The petition presents the question whether the opinion of the Court of Civil Appeals conflicts with this Court’s opinion in Poe v. Grove Hill Memorial Hospital Board, 441 So.2d 861 (Ala.1983). This Court held in Poe that “the Grove Hill Memorial Hospital Board was organized and is operated as a part of the Town of Grove Hill and the six-month notice requirement of § 11-47-23 applies” to Poe’s action. 441 So.2d at 864. In this present case, the Court of Civil Appeals found insufficient support for a summary judgment motion asserting that the Von Braun Civic Center is operated as a part of the City of Huntsville through a board created by ordinance, not by a separately incorporated entity. See Turner v. Von Braun Civic Center, 716 So.2d 1183 (Ala.Civ.App.1997).
Chris Turner filed a two-count complaint seeking workers’ compensation benefits and also seeking damages, pursuant to § 25-5-11.1, Ala.Code 1975, for wrongful discharge. The workers’ compensation claim was settled. The defendant filed a motion for summary judgment, asserting that Turner’s wrongful discharge claim was barred because *1187 it was a tort claim and Turner had not given notice to the city within six months, as required by § 11-47-23, Ala.Code 1975. Turner’s employment was terminated in June 1994, and he first claimed damages from the Civic Center by filing a complaint on April 12,1995.
The Civic Center attached to its. motion copies of ordinances of the Huntsville City Council. Excerpts follows:
“Ordinance No. 70-165
“BE IT ORDAINED by the City Council of the City of Huntsville, Alabama, as follows:
“Section 1.
“There is hereby created and established in the City of Huntsville, Alabama, a board to be known as the Von Braun Civic Center Board of Control, which shall consist of seven members[, one appointed by the mayor and the others by the city council],
[[Image here]]
“Section 3.
“The Board is hereby authorized to maintain, control, operate and manage the Von Braun Civic Center in the City of Huntsville, Alabama. The Board shall take custody of the Von Braun Center at such time as the City Council of the City of Huntsville,' Alabama, by resolution, shall direct. They shall adopt from time to time, amend and repeal by-laws, rules and regulations governing the facilities of the Von Braun Civic Center.... The Board shall have no power or authority to obligate the City beyond the amount appropriated by the City Council for its purposes.
[[Image here]]
“Section 6.
“The Board shall submit to the Mayor, on or before the 30th day of June of each year, a detailed budget of estimated expenditures for the fiscal year commencing October 1 of that year. The City Council shall set aside and appropriate for the use of the Board, for the maintenance and operation of the Civic Center, and for the other authorized purposes of the Board, either all or such part of such estimated budget as may be available or is, by the City Council, deemed proper.
“ADOPTED this the 27th day of August, 1970.”
In 1974, the city council adopted Ordinance No. 74-45, amending Section 3 of Ordinance No. 70-165. The amended Section 3 provides that the Board may “accept or receive in the name of the City gifts, bequests, and devises” and may “advertise its facilities, programs, and events on behalf of the City and may expend such funds as may be appropriated to it for that purpose.” Similarly, the city council passed amending ordinances in 1978 and 1988. These amendments did not change the character of the Board and did not mention separate incorporation of a civic center authority or any such entity.
In Williams v. Water Works & Gas Board of the City of Ashville, 519 So.2d 470 (Ala.1987), this Court held that, because the Water Works Board was separately incorporated pursuant to § 11-50-230 et seq., it was not the “municipality” for purposes of §§ 11-47-23 and 11-47-192 and that, therefore, the circuit court erred in dismissing Williams’s complaint for failure to file a claim within six months. In Poe, the question was whether the Hospital Board had been incorporated pursuant to § 22-21-5 or was operated by the city pursuant to § 22-21-1 (we are using the 1975 Code section numbers rather than the 1940 Code section numbers used in Poe). Under both Williams and Poe, the possibility that a board created by a municipality might be incorporated as a separate entity arose from a Code section that provided for such incorporation. See also Cole v. Sylacauga Hospital Board, 269 Ala. 405, 113 So.2d 200 (1959).
There are numerous articles within the Code providing for incorporation by counties and municipalities of separate authorities: for example, § 22-21-70 et seq., county hospital boards; § 22-21-130 et seq., municipal hospital building authorities; § 22-21-170, county and municipal hospital authorities; § 22-21-310 et seq., health care authorities; § 11-22-1, public parks and recreation boards; and § 11-50-230 et seq., waterworks and sewer boards. This is only a representative list, ’not nearly an exhaustive one, but *1188 each of these Code provisions, and all others we have seen, require a resolution of the municipality approving the incorporation of the authority or board.
Chapter 56 of title 11, “Public Building Authorities,” provides for the incorporation of public building authorities to own buildings in a municipality, including a “city or town hall, auditorium, [or] music hall,” § 11-56-1(10). The authority may lease such a building to the municipality, § 11-56-9; and § 11-56-19 authorizes the municipality “to convey to the corporation, with or without the payment of monetary consideration therefor, any property that may be owned by the municipality.” Many of the provisions of the chapter, particularly §§ 11-56-10 through 11-56-18, pertain to the issuance of bonds by the corporation. Thus, this article appears to be aimed principally at conveyance by a city to an authority of property on which to construct a building, financed by bonds, which is then leased to the city for municipal use. Such a situation would not seem to have applied to the City of Huntsville in 1970, because it appears from Ordinance 70-165 that the Yon Braun Civic Center had already been built. However, we see no reason why the City of Huntsville could not have used the provisions of Chapter 56 to incorporate a Von Braun Civic Center Public Building Authority, convey the Civic Center to the Authority, and lease it back from the authority.
We focus on the provisions of Chapter 56 only as an example of the type of separate incorporation that was contemplated in Poe and Williams. That part of Chapter 56 pertinent to our discussion in this case is § 11-56-8:
“Whenever any number of natural persons, not less than three, shall file with the governing body an application in writing for authority to incorporate a corporation under the provisions of this chapter, if it shall be made to appear to the governing body that each of the said persons is a duly qualified elector of and property owner in the municipality, and, if the governing body shall duly adopt a resolution wherein it shall be declared that it will be wise, expedient and necessary that such a corporation be formed and that the persons filing such application shall be authorized to proceed to form such corporation, then the said persons shall become the incorpo-rators of and shall proceed to incorporate the corporation in the manner provided in this chapter.

“No corporation shall be formed under this chapter unless the application provided for in this section shall be made and unless the resolution provided for in this section shall be adopted.”

(Emphasis added.)
The gist of Turner’s argument and the holding by the Court of Civil Appeals is that the copies of the ordinances filed in support of the Civic Center’s motion for summary judgment do not negate the possibility that the Von Braun Civic Center Board of Control is an incorporated entity as contemplated by the holding in Williams. We disagree. The incorporation of a waterworks and sewer board, as in Williams, requires a municipal resolution as provided for by § 11-50-231. The procedure that was not followed in Poe is the incorporation of a hospital board, which requires a municipal resolution as provided for by § 22-21-313.[1] The language of §§ 11-56-3, 11-50-231, and 22-21-313 is substantially similar, as is the language of similar provisions in the other Code incorporation provisions we have examined. No incorporation provision has come to our attention that does not require an approving resolution by the municipality or county.
The ordinances submitted in support of the summary judgment motion fully provide for the creation and operation of the Von Braun Civic Center Board of Control, without any references to incorporators or incorporation. The Board is directly answerable to the City because its members are appointed by the city council and its budget is appropriated to it by the City, in such amounts as the city council deems proper. Contrary to the state *1189 ment by the Court of Civil Appeals that these ordinances do not indicate “whether the board is or is not incorporated or is otherwise an entity separate from the City of Huntsville,” 716 So.2d at 1185, we hold that these ordinances affirmatively indicate that the Board is not incorporated. The speculation that the Board might be “otherwise an entity separate from the City of Huntsville” does not suffice to defeat the evidentiary showing in support of the motion for summary judgment.
Turner simply speculates that the Board might be a separate entity, as the waterworks board in Williams was. On the contrary, the Civic Center presented evidence that constituted a prima facie showing that the Von Braun Civic Center Board of Control was not a separate entity, just as the hospital board in Poe was not an entity separate from the Town of Grove Hill. Turner submitted nothing to contradict that showing, and the circuit court correctly entered a summary judgment for the defendant.
REVERSED AND REMANDED.
HOOPER, C.J., and MADDOX, SHORES,' HOUSTON, KENNEDY, COOK, BUTTS, and SEE, JJ., concur.

. Section 22-21-5, which was the provision for incorporation that was not followed by the Grove Hill Memorial Hospital Board, incorporates by reference Article 11 of Chapter 21, Title 22. Section 22-21-313 is within Article 11.