Wesley Webb,[1] while employed and working as a saw operator at Jimson Manufacturing Company in Haleyville, caught his leg in a saw and was injured. On August 25, 1997, Webb sued Selco, S.R.L., an Italian company, and B.S.A., Inc., asserting various products-liability claims against each of them as the designer, manufacturer, seller, and/or distributor of the saw, which he alleged was defective. Webb requested that B.S.A. be served by certified mail in care of G. Trimbell at 3500 Tryclan Drive, Charlotte, North Carolina 28217, and that Selco be served by certified mail in care of B.S.A., Inc., at that same address. The summons and complaint were returned to the clerk's office as "undeliverable." Alias summonses were issued on November 20, 1997, to serve B.S.A. and Selco in care of Fabio Burattini at 4110 Meadow Oak Drive, Charlotte, North Carolina 28208. On November 24, 1997, Rosanna Santoscoy, a receptionist at an office of Biesse America, Inc., signed the "Domestic Return Receipts" acknowledging delivery of the alias summonses.
On February 6, 1998, Webb moved for entry of default judgments against B.S.A. and Selco, because they had failed to file any pleading or to otherwise defend the lawsuit. On March 18, 1998, the trial court entered a default against B.S.A. and Selco, with leave for Webb to prove damages within 30 days. On April 28, 1998, Webb served on Selco and B.S.A. notice of the hearing to prove damages; the notice was sent to be delivered in care of Fabio Burattini, at the Meadow Oak Drive address in Charlotte, North Carolina. On May 7, 1998, the trial court awarded Webb $250,000 for negligence and $150,000 for wantonness "separately and severally, totalling damages of $400,000" against B.S.A. and Selco; therefore, the default judgment became final on May 7, 1998. Rule 55(c), Ala.R.Civ.P.; Maddox v. Hunt, 281 Ala. 335, 202 So.2d 543
(1967). The order stated that copies of the order were to be mailed to Selco and B.S.A. in care of Fabio Burattini.
On May 18, 1998, Selco moved to set aside the default judgment against it and B.S.A. and to quash service against them, pursuant to Rule 55(c), Ala.R.Civ.P., or, in the alternative, Rule 60(b), Ala.R.Civ.P. In that motion, Selco argued that the default judgment entered against it was "void due to the failure of [Webb] to obtain proper service of process in conformance with the Alabama Rules of Civil Procedure and pursuant to the requirements of the Hague Convention Treaty" and that the default judgment entered against B.S.A. was void, and stating that "based on `[Selco's] information and belief `B.S.A. Inc.' is not a viable entity." Also, in the motion, Selco identified Fabio Burattini (the individual to whom the alias summonses were addressed) as the general manger of Biesse America, Inc., and it identified Rosanna Santoscoy (the person who had accepted the certified-mail packages) as Biesse America's receptionist. In its motion, Selco also stated that it had a meritorious defense to Webb's claims, that Webb would not be unduly prejudiced by setting aside the default, and that the default was not due to any culpable conduct on its part. On May 22, 1998, Selco filed a supporting memorandum brief with attached affidavits from Rosanna Santoscoy and Tito Mazzetta.
In her affidavit, Santoscoy stated that she was employed as a receptionist by Biesse America, Inc., in Charlotte, North Carolina; that on November 24, 1997, she had accepted delivery of the two certified-mail packages "because they were addressed to: c/o Fabio Burattini"; that the address provided on the certified-mail receipts was the proper address for Biesse America and not for Selco or for B.S.A.; that she was not aware of any legal entity known as B.S.A., Inc.; that she *Page 798 
was not authorized to accept service of process for either Selco or B.S.A.; and that she had forwarded the packages to Fabio Burattini, who was the general manager of her employer, Biesse America.
In his affidavit, Mazzetta identified himself as corporate counsel for Biesse America and Selco. He stated that Selco was an Italian company that produced saws and that Italy was a member of the Hague Convention; that neither Selco nor Biesse America was affiliated with an entity known as B.S.A and that neither Biesse America nor Selco was aware of an entity known as B.S.A. Mazzetta confirmed that Rosanna Santoscoy was not the registered agent for Biesse America, Selco, or an entity known as B.S.A., and that she was not authorized to accept service for Selco. Mazzetta further stated that, in November 1997, Fabio Burattini was not Selco's registered agent and was not authorized to accept service for Selco. According to Mazzetta, the address provided on the certified-mail return receipts addressed to Selco, S.R.L., and an entity known as B.S.A., Inc., was the proper address for Biesse America and not for Selco or B.S.A.
Webb responded to the motion to set aside the default judgment and to quash service by arguing, for the first time, that Biesse America had been properly served, claiming that it was served by certified mail, at its principal place of business, at the proper address, and that the individual named in the summons, Fabio Burattini, was listed with the secretary of state as the agent for service. According to Webb, although Biesse America was incorrectly named as "B.S.A.," the terms "B.S.A." and "Biesse" are phonetically pronounced the same, and the name "B.S.A." was given as the proper name during telephone conversations that an investigator for the law firm representing Webb had had with various persons when the investigator was trying to determine who was the distributor of Selco saws. Also, according to Webb, Biesse America was the American distributor for products manufactured by Selco and the allegations in the complaint clearly indicated that he was injured while working with a saw manufactured by Selco and distributed by "B.S.A." Therefore, asserted Webb, Biesse America was on notice that it was the party he had intended to sue. Attached to his response were the affidavits of Kenny Byrd, an investigator employed by Webb's law firm, and Ralph Bohannon, Jr., Webb's attorney of record.
In his affidavit, Bohannon stated that on May 6, 1998 (almost two months after the entry of the default but one day before the entry of the judgment awarding damages), he spoke with Mazzetta, corporate counsel for Selco and Biesse America: He said that in that conversation Mazzetta acknowledged that he was aware of the summons and complaint and indicated that he had forwarded them to Biesse America's insurance carrier.
In his affidavit, Byrd stated that, after making several telephone calls to various saw distributors, he determined that Biesse America was the United States distributor for Selco, S.R.L. and that its place of business was located in North Carolina; that he was advised by the North Carolina secretary of state that Fabio Burattini was the registered agent for Biesse America or "B.S. America"; and that he was given the 4110 Meadow Oak Drive address. Byrd also stated that he called the telephone numbers for "Biesse's" parts and sales department and was told that the company's name was "B.S.A., Inc."
On June 18, 1998, Selco and Biesse America moved to strike the affidavits of Bohannon and Byrd, arguing that "the substantive testimony in the affidavits [was] based on hearsay."
Also on June 18, 1998, pursuant to Rule 60(b), Biesse America moved to set aside the default judgment and to quash service on "B.S.A., Inc.," arguing that the complaint did not describe or identify the saw in any fashion; that the only named defendants in the complaint were B.S.A., Inc., and Selco, S.R.L.; and that Biesse America was not a named defendant. It also argued that Rosanna Santoscoy, the receptionist for Biesse America who had signed the receipt for the service on Selco and B.S.A, was not an employee of B.S.A. and was not the registered agent for Biesse America. According to Biesse America, Webb had, before November 20, 1997, learned from various saw distributors *Page 799 
and the North Carolina secretary of state that Biesse America was the distributor of Selco saws, but did not amend the complaint to properly substitute the correct name. Thus, argued Biesse America, the complaint did not give sufficient notice to Biesse America that it was the intended defendant and the mere use of the address was not sufficient; therefore, it would violate the guaranty of due process, Biesse America said, to allow service of a complaint against B.S.A., on a receptionist of Biesse America, to be taken as service on Biesse America.
On June 18, 1998, Selco, B.S.A., and Biesse appealed. On July 19, 1998, Biesse America filed with the trial court a "statement of evidence" of the hearing held on May 7, 1998. On August 4, 1998, the trial court approved the statement of evidence.
We note that the trial court had not ruled on the post-judgment motions before the appeal was filed.
According to Rule 4(a)(5), Ala.R.App.P., an appeal filed after the entry of a judgment but before the disposition of a post-judgment motion filed pursuant to Rule 55, Ala.R.Civ.P., shall be held in abeyance until the post-judgment motion is ruled upon. Selco's Rule 55 motion was filed on May 18, 1998, but had not been ruled on when Selco filed its notice of appeal on June 18, 1998. Because the court never entered a ruling, the motion was deemed to be denied by operation of law on August 16, 1998. See Rule 59.1, Ala.R.Civ.P. Therefore, the appeal filed on behalf of Selco and B.S.A. is deemed to have been effective on August 16, 1998, and our review as it relates to that appeal is a review of the trial court's denial of Selco's motion to set aside the default judgment. Biesse America's Rule 60(b) motion was filed on June 18, 1998, and the trial court had not ruled on that motion before Biesse filed its notice of appeal on the same day. However, a Rule 60(b) motion does not affect the time a judgment becomes final and it does not suspend the operation of the judgment. Therefore, Biesse America had no alternative but to file an appeal on June 18, 1998. Our review on appeal as it relates to Biesse America's appeal is a review of the default judgment against B.S.A.
There is no dispute between the parties that, as far as they are concerned, there is no legal entity known as "B.S.A." Therefore, we conclude that B.S.A. has no standing to appeal.
 Selco's Appeal
Selco contends that Webb failed to perfect proper service on it. Selco is an Italian company that produces saws, and Italy is a member of the Hague Convention. Service of process on corporations of foreign countries that are members of the Hague Convention, such as Selco, must be perfected according to the terms of the Hague Convention Treaty.[2] "[A] convention, such as the Hague Convention, `has the status of a treaty and consequently is the supreme law of the land.'" Ex parte Volkswagenwerk Aktiengesellschaft, 443 So.2d 880, 882 (Ala. 1983), quoting American Trust Co. v. Smyth, 247 F.2d 149, 153 (9th Cir. 1957).
If service of process is not perfected according to the terms of the Hague Convention, the service is void.
 "Article VI of the United States Constitution provides that the States are bound by treaties entered into by the United States. Therefore, service must be perfected according to the terms of the Hague Convention, even though [Ala.R.Civ.P.] 4.4(b) provides several methods of serving process in foreign countries, including service directly on the defendant by certified mail or its equivalent. [Rule] 4.4(b)(1)."
Rivers v. Stihl, Inc., 434 So.2d 766, 769 (Ala. 1983) (holding that service was not perfected on the defendant German corporation because the plaintiff had failed to strictly comply with the service-of-process requirements of the Hague Convention).[3] The Hague Convention *Page 800 
provides that each state is to designate a central authority to receive requests of service of documents. (Article 2.) Requests for service (which must conform to a model annexed to the Convention) should be sent, along with the documents in question, by the judicial officer of the state in which the documents originate to the designated central authority of the country in which the recipient is located. (Article 3.) When it receives a request, the central authority is to arrange service according to its internal laws. (Article 5.) Once service is perfected, the central authority must forward a certificate to that effect to the applicant. (Article 6.) If the request is insufficient for some reason, the central authority returns it and the unserved documents, along with a statement of its objections, to the applicant. (Article 4.) Rivers v. Stihl, 434 So.2d at 769.
Webb's attempts to serve the summons and complaint on Selco did not follow the procedures outlined in the Hague Convention; therefore, service was not perfected. Rivers, at 770. When service is not proper, a judgment based on that service is void and must be set aside. See, e.g., Ex parte Pate, 673 So.2d 427 (Ala. 1995).
Because service of process on Selco was not perfected, the default judgment against Selco is void. The trial court erred in failing to set aside that judgment.
 Biesse America's Appeal
Biesse America argues that any judgment entered against it is void because of a lack of jurisdiction. It argues that the complaint did not name it as a defendant and that because B.S.A. was not a legal entity or an assumed name or a trade name for Biesse America, see, e.g., Ex parte CTF Hotel Management Corp.,719 So.2d 205 (Ala. 1998); and Hughes v. Cox, 601 So.2d 465 (Ala. 1992), it had no notice that it was an intended defendant.
A plaintiff must properly name a defendant in order to properly sue that defendant. Ex parte Pate, supra, 673 So.2d at 429; Cofield v. McDonald's Corp., 514 So.2d 953 (Ala. 1987). The trial court lacked jurisdiction to impose liability on Biesse America; therefore, the default judgment against "B.S.A.," which was not an assumed name or trade name for Biesse America, did not impose liability on Biesse America. Biesse America, not being a party to this action has no right to appeal, and its attempt to appeal is void.
 Conclusion
The judgment of the circuit court does not relate to Biesse America; thus, insofar as this appeal relates to Biesse America, it is dismissed. It appears that in this case there is in fact no entity named B.S.A., Inc.; thus, insofar as this appeal purports to relate to an entity named B.S.A., Inc., it is dismissed. Insofar as the judgment of the circuit court relates to Selco, S.R.L., that judgment is reversed and the cause is remanded.
APPEAL DISMISSED AS TO BIESSE AMERICA AND B.S.A., INC.; JUDGMENT REVERSED AS TO SELCO, S.R.L., AND CAUSE REMANDED.
Hooper, C.J., and Maddox, Almon, Shores, Kennedy, See, and Lyons, JJ., concur.
Cook, J., concurs in the result.
[1] In various documents before this Court, including the notice of appeal, the cover page of the record, and portions of the briefs on appeal, Wesley Webb is named as Wayne Webb.
[2] The "Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters of November 15, 1965."
[3] In Rivers, although the plaintiff sought service of process on the defendant foreign corporation through the Hague Convention, he failed to complete two copies of a request form in English to accompany the documents to be served, as required by the Hague Convention. Therefore, the Court held, "since the procedure outlined in the Hague Convention was not followed, service of process was not perfected." 434 So.2d at 770.