On Return to Remand
This case was remanded on August 15, 1997. See the opinion at 700 So.2d 1374. On remand, the trial court granted the Ethertons' motion pursuant to Ala.R.Civ.P. 77(d) to extend the time in which to file an appeal. In doing so, the trial court did not abuse its discretion. This case is now, therefore, correctly postured for review.
According to the complaint commencing this action, Mr. Etherton was injured on March 18, 1995, in the parking lot of a store operated by the Sherwin-Williams Company in Homewood, when he stepped out of his vehicle into an "open service hole" that was filled with rainwater. On July 18, 1995, Mr. Etherton sent by certified mail to the "City of Homewood, Clerk," and to counsel for the City of Homewood, a document styled "Notice of Claim" (hereinafter "Notice"). That Notice read as follows:
"TO: CITY OF HOMEWOOD, CLERK
 "Pursuant to the provisions of Code of Alabama, Sections 11-47-23 and 11-47-192, comes now VHERN ETHERTON and does hereby give notice and presents a claim against "Birmingham Water Works Board
in the Sum of $400,000.00."
 "Said claim arises out of the personal injury sustained by Claimant, Vhern Etherton, in a slip and fall accident on 1834 29th Avenue-South, Homewood, Alabama in front of Sherwin-Williams Company. Such accident occurred on March 15, 1995.[1]
 "On the day of the accident claimant, Vhern Etherton, stepped out of his automobile on 29th Avenue-South and he stepped in an open service hole. Claimant attempted to regain his balance, but was unable to do so and landed in the street injuring his knee and back. Claimant sought and continues to receive medical treatment from the injuries to his back.
 "Claimant, Vhern Etherton, as a result of said fall sustained bruises, abrasions and swelling to his knee and was diagnosed with a severe back injury, probably permanent. As a direct consequence of these injuries, claimant, Vhern Etherton, has incurred medical expenses, pain, suffering, emotional distress and inconvenience.
 "If you know of any other person or entity you deem to be responsible in any manner for the injuries of claimant, Vhern Etherton, you should inform the claimant and his attorney of the name and address of such person or entity immediately.
"Dated this 18th day of July, 1995.
"/s/ Vhern Etherton"
(Emphasis and footnote added.) Etherton alleges that "[n]o response was ever made by the City of Homewood or its attorneys."
On April 11, 1996, Vhern Etherton and his wife, Barbara Etherton, commenced this action. The complaint named as defendants (1) the City of Homewood (the "City"), (2) the "Birmingham Water *Page 1080 
Works," (3) the Sherwin-Williams Company, and (4) a number of fictitiously named defendants. In Count One, Mr. Etherton alleged that the defendants had "negligently maintained an open service hole," and sought compensation for his personal injuries. In Count Two, Barbara Etherton sought compensation for loss of consortium.
On May 21, 1996, the City moved, pursuant to Ala.R.Civ.P. 12(b)(6), to dismiss the claims against it, stating in pertinent part:
 "Plaintiff alleges, essentially, that on or about March 18, 1995, [he] fell into a hole located in the parking lot in front of the Sherwin-Williams Company. . . .
 "2. Apparently, because the pothole was in the City of Homewood, Etherton claims some damage from the City of Homewood.
 "3. Ala. Code § 11-47-23 provides that a written claim must be served upon the City Clerk within six months of the date of the incident, setting out the description of the incident before a City can be held liable to anyone for any negligence. No such claim was served upon the City Clerk within the six month period.
 "4. The only claim that the City has received is a `Notice of Claim' addressed to the City of Homewood which presents a claim solely [emphasis in original] against the Birmingham Water Works Board. No claim is made in that document against the City of Homewood."
(Emphasis added except where noted.)
The trial court granted the City's motion and made the dismissal a final judgment pursuant to Ala.R.Civ.P. 54(b). On appeal, the Ethertons argue that they complied with the statutory notice requirements so "substantially" as to preclude dismissal of their claims against the City. The relevant notice requirements are contained in the following statutes:
 "[§ 11-47-23]. All claims against the municipality (except bonds and interest coupons and claims for damages) shall be presented to the clerk for payment within two years from the accrual of said claim or shall be barred. Claims for damages growing out of torts shall be presented within six months from the accrual thereof or shall be barred."
 "[§ 11-47-192]. No recovery shall be had against any city or town on a claim for personal injury received, unless a sworn statement be filed with the clerk by the party injured or his personal representative in case of his death stating substantially the manner in which the injury was received, the day and time and the place where the accident occurred and the damages claimed."
"These statutes are to be construed as being in pari materia."Poe v. Grove Hill Memorial Hosp. Bd., 441 So.2d 861, 863 (Ala. 1983).
The Ethertons contend that the Notice mailed to the Homewood city clerk was "sufficient," because, they insist, it was (1) received by the City; (2) "the City was named in the claim"; and (3) "it informed those City officials of the manner of the injury, the time and place where the injury occurred, the amount claimed and the damages sustained." Brief of Appellants, at 11. We disagree with this contention.
The purpose of these statutes "is to give notice of a claim in order that the municipality may investigate and determine themerits of the claim." McCarroll v. City of Bessemer, 289 Ala. 449,455, 268 So.2d 731, 736 (1972) (emphasis added); see also,Large v. City of Birmingham, 547 So.2d 457, 458 (Ala. 1989);Williams v. Water Works Gas Bd. of the City of Ashville,519 So.2d 470, 472 (Ala. 1987). The statutes do not require strict "technical accuracy" as to facts or elements of a claim that are immaterial. Maise v. City of Gadsden, 232 Ala. 82, 84,166 So. 795, 796-97 *Page 1081 
(1936) (where the claimant alleged that he had been wrongfully chained to a post on "Ninth street" for refusing to "work with the street gang," but the evidence demonstrated that the incident occurred on "Eighth street," the variance was immaterial to the claim, and was, therefore, not fatal). In other words, "accuracy [in stating the place where the injury occurred] is not . . . required when the place is not . . . related to the cause of action, and when the inaccuracy is not a material variance."Id. at 84, 166 So. at 797 (emphasis added).
However, "[w]hen the duty owing is dependent upon the character or nature of the location, it should be stated accurately." Id. This Court in Maise explained an earlier case,Brannon v. City of Birmingham, 177 Ala. 419, 59 So. 63 (1912), stating that in Brannon the "plaintiff was injured by a fall in a hole in a city street," and that "[t]he proof showed the hole was between Ninth and Tenth avenues, [although the claims had indicated it was] between Tenth and Eleventh avenues." Maise,232 Ala. at 84, 166 So. at 796. "The [Brannon] court held that the variance was material, because the authorities may have found no hole at the place stated in the notice, and were not bound to gofurther into the inquiry." Id. (emphasis added).
Moreover, "[t]he necessity for accuracy of averment as to place and the same reasons for it exist whether it be in acomplaint or in a notice of claim filed with the city." Maise, at 84, 116 So. at 797 (emphasis added). Thus, the notice of a claim required by these statutes is analogous to the notice required in a complaint. This analogy is significant in view of the Ethertons' contention that "the City was named in the claim."
Actually, Homewood or the City of Homewood was "named in the claim" only twice: (1) the address of the Sherwin-Williams Company was stated as "1834 29th Avenue-South, Homewood, Alabama"; and (2) the salutation read "TO: CITY OF HOMEWOOD, CLERK." Conspicuously absent from the text of the Notice was any demand against theCity. The only demand was against "Birmingham Water Works Board in the Sum of $400,000.00."
Analogously, this Court has held a number of times that the failure to name a particular entity in a complaint is fatal to a claim against that entity. For example, in Cofield v. McDonald'sCorp., 514 So.2d 953 (Ala. 1987), Keenan Kester Cofield "filed suit against McDonald's Corporation for negligence, wantonness, and fraud." Id. at 953. Subsequently, he moved to dismiss McDonald's Corporation, with prejudice, and moved for a judgment on the pleadings against "McDonald's CLP Corporation" and "McDonald's Restaurant of Bessemer, Alabama" — neither was named as a defendant in the caption, or title, of the complaint. Id. The trial court granted Cofield's motion to dismiss McDonald's Corporation, but denied his motion for a judgment on the pleadings against the two entities that had not been named in the caption of the complaint, and dismissed the action. Id. Cofield appealed the dismissal of his action, as it might have related to those two entities he had not named in the caption of his complaint, arguing that they had been properly before the trial court on the basis of an apparent reference to them on the case action summary sheet.Id.
This Court affirmed that judgment of dismissal. In doing so, it noted that "Rule 10(a), [Ala.R.Civ.P.], requires that a complaint include the names of all parties in the title of the action." 514 So.2d at 953-54. It explained: "Although Cofieldprobably intended an action against McDonald's CLP Corporation and McDonald's Restaurant of Bessemer, Alabama, he did not properly identify them in his complaint." Id. at 954 (emphasis added).
Ex parte Pate, 673 So.2d 427 (Ala. 1995), involved a workers' compensation award against an employer who had appeared *Page 1082 
throughout the action only in his "representative capacity." Id. at 429. Relying on Cofield, we held that the trial court "lacked jurisdiction to impose liability" upon the employer in hisindividual capacity, because he had never been "named as a defendant in his individual capacity." 673 So.2d at 429.
Selco, S.R.L. v. Webb, 727 So.2d 796 (Ala. 1998), involved a similar holding. That products-liability action arose out of a complaint naming as defendants "Selco, S.R.L., an Italian company, and B.S.A. Inc." Id. at 797. The summons and the complaint were sent to Selco and B.S.A. at the proper address of Biesse America, Inc. ("Biesse"). It was eventually established that "there [was] no legal entity known as `B.S.A,'" and, further, that, although Biesse was a "distributor of Selco [products]," it was a distinct entity. Id. at 799. "Thus, argued Biesse . . ., the complaint did not give sufficient notice to [it] that it was [an] intended defendant and the mere use of [its] address was not sufficient. . . ." Id.
This Court agreed with that argument. Citing Pate andCofield, it stated: "A plaintiff must properly name a defendant in order to properly sue that defendant." 727 So.2d at 800. It concluded that the trial court lacked jurisdiction to enter a default judgment against Biesse. Id. at 800.
Also instructive in this connection is Large_v. City ofBirmingham, 547 So.2d 457 (Ala. 1989), a case specifically involving the municipal claim-notice statutes. The dispute in that case began when Jimmy Large, "a fireman for the City of Birmingham . . ., was injured during a training exercise on October 16, 1986." Id. at 458. On the day of the accident, "[h]e submitted an injury report." Id. "On March 5, 1987, he was placed on `injured with pay status' . . ." Id. However, not until June 17, 1987 — more than six months after the accident — did he actually "file a notice of the claim," within the meaning of the claim-notice statutes. Id.
When Large subsequently sued the City of Birmingham, the trial court dismissed that defendant on the ground of Large's noncompliance with the statutes. Id. This Court affirmed the judgment of dismissal, explaining:
 "[Large] further argues that the City had actual notice of the incident, and that actual notice rendered strict compliance with § 11-47-23
unnecessary. [Large], in addition to filing an accident report, did communicate, cooperate, and maintain contact, with the City. However, the required notice must be served upon the authorized representative of the City, in this case, the city clerk, and disclosure to any other division or supervisor cannot be treated as notice for the purposes of instituting a claim."
547 So.2d at 458. More significantly, for the purposes of this present case, the Court explained: "[I]n filing an accident report and receiving treatment, [Large] did not express an intention tosue. . . . Mere knowledge of the incident resulting in injury does not satisfy the objectives of the notice-of-claim statute." Id. (emphasis added).
Similarly, in this present case, Mr. Etherton's "Notice," although it did state that Mr. Etherton was making a claim against the Birmingham Water Works Board, did not suggest that he was making a claim against the City. Because the Notice did not apprise the City of a claim against it, we think it quite understandable that the City was not impelled to investigate or to seek a settlement. Consequently, because Mr. Etherton did not properly state his claim in the statutorily required notice, the primary purpose of the statute requiring notice to the City could not be achieved. See Williams v. Water Works Gas Bd. of theCity of Ashville, 519 So.2d 470, 472 (Ala. 1987) ("The statutes are designed to provide the city with notice of the claim, thereby enabling it to investigate and perhaps settle the claim without the expense of litigation."). If *Page 1083 
these statutes do anything, they relieve municipal officials of any duty to guess at the intentions of prospective claimants.
The Notice failed specifically to state a claim against the City, and we cannot regard that failure as merelytechnical.[2] On the contrary, nothing could be more material to a claim than the identity of the entity against which the claim is made. That, of course, is the element missing from the Notice in this case.
For these reasons, the trial court properly dismissed the claims against the City. Its judgment dismissing those claims is, therefore, affirmed.
AFFIRMED.
Hooper, C.J., and Maddox, Houston, See, Lyons, Brown, and Johnstone, JJ., concur.
[1] This date differs from the one contained in the complaint. Therefore, we are unsure of the exact date of the accident.
[2] Because we reach this conclusion, we need not discuss the fact that Barbara Etherton was not mentioned in the Notice.