Lawrence Locker appeals the Lauderdale Circuit Court's judgment dismissing his complaint against the City of St. Florian ("the City") and Ralph Richey, the City's chief of police, in his official capacity. We affirm.
 I. Facts and Procedural History
According to Locker's complaint, he attended the City's Town Hall meeting on June 12, 2006, and, during the meeting, voiced his disapproval of certain actions by City officials, including the performance of Richey. Locker alleged that Richey, acting in his official capacity, had attended the meeting and that, after the meeting had ended, he and Richey had had an *Page 548 
argument. Locker asserted that, after the meeting, he had approached Richey while pointing his finger at Richey's badge and telling him that the police badge was designed by Locker and that the chief of police worked for the people of the City. According to Locker, Richey responded by asking, "do you believe I can put you out the door," to which Locker replied that he was unaware of any law that prevented him from pointing at a person. Locker claimed that Richey then grabbed him in a choke hold and pushed him out of the Town Hall building onto the ground where Richey lay on top of him until another individual who had attended the meeting pulled Richey away from him.
Locker asserted that he was arrested and charged with menacing on the following day, June 13, 2006. The charge was dismissed on August 24, 2006. However, based on the same events, Locker was rearrested on September 25, 2006, and charged with harassment. The harassment charge against Locker was dismissed on December 7, 2006, on res judicata grounds.
On February 6, 2007, Locker filed a notice of claim with the City clerk's office. On March 15, 2007, he filed a complaint in circuit court, alleging the following claims: negligent hiring, negligent supervision, assault and battery, and the tort of outrage/intentional infliction of emotional distress; those claims arise from the June 12 incident at the Town Hall meeting. The City moved to dismiss Locker's complaint pursuant to Rule 12(b)(6), Ala. R. Civ. P., asserting that Locker's notice of claim failed to comply with § 11-47-23, Ala. Code 1975, because it was filed more than six months after June 12, 2006, the date of the alleged incident. Locker subsequently amended his complaint on April 4, 2007, to include allegations of false arrest and false imprisonment, based on his June 13, 2006, arrest on the menacing charge and his September 25, 2006, arrest on the harassment charge. The City again moved to dismiss Locker's complaint, alleging that Locker's claims were either barred by § 11-47-23, or that the City was immune from liability for the claims presented.
After a hearing, the trial court granted the City's motion to dismiss Locker's complaint on May 15, 2007. Locker filed a timely appeal, which was transferred to this court from the Supreme Court pursuant to § 12-2-7(6), Ala. Code 1975. Locker asserts on appeal that the trial court erred by dismissing his complaint.
 II. Standard of Review
A Rule 12(b)(6) dismissal is proper only when it appears beyond doubt that the claimant cannot prove any set of circumstances that would entitle him or her to relief. See Watkins v.Harper, 984 So.2d 472, 474 (Ala.Civ.App. 2007); andNance v. Matthews, 622 So.2d 297, 299 (Ala. 1993). We must review the decision of the trial court without a presumption of correctness, and we must view Locker's allegations in a light most favorable to his claims.Nance, 622 So.2d at 299.
 III. Analysis
Section 11-47-190, Ala. Code 1975, provides that a municipality may be liable to an injured party when the damage suffered by the injured party was due to the "neglect, carelessness or unskillfulness" of an agent, employee, or officer of the municipality who was engaged in work for the municipality and who was acting within the line and scope of his or her employment. Section 11-47-23 provides, in pertinent part, that "[c]laims [against a municipality] for damages growing out of torts shall be presented [to the clerk for payment] within six months from the accrual thereof or shall be barred." Pursuant to § 11-47-192, in order for an injured *Page 549 
party to properly "present" a claim under § 11-47-23, the injured party must file a sworn statement with the clerk "stating substantially the manner in which the injury was received, the day and time and the place where the accident occurred and the damages claimed." See Poe v. Grove HillMem'l Hosp. Bd., 441 So.2d 861 (Ala. 1983); andEtherton v. City of Homewood, 741 So.2d 1078
(Ala. 1999). However, if an injured party files a complaint alleging tort claims against a municipality within the six-month period prescribed by § 11-47-23, this will also satisfy the notice requirement. See Diemert v. City ofMobile, 474 So.2d 663 (Ala. 1985). The purpose of the notice requirement is to furnish a municipality with "sufficient physical details" of the incident to "enable the [municipality] to investigate the claim and settle with the claimant if it deems such action appropriate." Cox v. Cityof Birmingham, 518 So.2d 1262, 1264 (Ala. 1987) (citingHunnicutt v. City of Tuscaloosa, 337 So.2d 346
(Ala. 1976)).
 A. Notice of Claim
The notice of claim Locker filed with the City on February 6, 2007, described only the June 12, 2006, incident with Richey that had occurred after the City's Town Hall meeting, and in the notice of claim, Richey asserted injury only as a result of that incident. The notice of claim did not describe or include any information regarding Locker's subsequent arrests, which were based on the June 12 incident, much less allege any resulting injury from the arrests. For the purposes of the notice requirement in § 11-47-23, an injury accrues "as soon as the party in whose favor it arises is entitled to maintain an action thereon." Hill v. Cityof Huntsville, 590 So.2d 876, 876 (Ala. 1991) (citingBuck v. City of Rainsville, 572 So.2d 419 (Ala. 1990)). Locker was entitled to bring an action against the City on the date of his alleged injury, i.e., on June 12, 2006. Thus, because Locker's notice of claim was filed nearly eight months after the June 12 incident, and because it did not include any details or information regarding his subsequent arrests, the notice of claim failed to meet the requirements prescribed in §§ 11-47-23 and 11-47-192, and, thus, did not prevent Locker's claims from being barred. See Poe, supra; andEtherton, supra.
 B. Complaint
This court must next consider whether Locker's complaint, either as originally filed or as amended, satisfied the statutory notice provisions for claims against an Alabama municipality or its officers, agents, or employees. SeeDiemert, supra. Locker's original complaint, filed on March 15, 2007, presented only claims arising out of his alleged injury based on the June 12, 2006, incident. The claims asserted in Locker's original complaint, therefore, were barred in accordance with §§ 11-47-23 and 11-47-192, because both the original complaint and Locker's notice of claim to the City were filed more than six months after the "accrual" of his alleged injury on June 12, 2006. See Buck, supra; andHill, supra.
On April 4, 2007, Locker filed his amended complaint, which contained allegations regarding his arrests on June 13, 2006, and September 25, 2006, and asserted claims of false arrest and false imprisonment. To determine whether Locker's amended complaint satisfies the requirements of 11-47-23, this court must measure the period between the accrual of Locker's alleged injury and the date the amended complaint was filed. The filing date of the original complaint is not relevant to determining whether the notice requirement of § 11-47-23 has been *Page 550 
met with respect to Locker's false-arrest and false-imprisonment claims because the relation-back principles of civil procedure do not apply to satisfy the requirements of §§ 11-47-23 and 11-47-192. See City of Birmingham v.Davis, 613 So.2d 1222, 1224 (Ala. 1992) (holding that "relation back" and other procedural rules designed to heal violations of the statute of limitations cannot heal violations of the municipal notice-of-claim statute). To hold otherwise would defeat the purpose of the notice-of-claim statute, which is to provide a municipality with adequate information regarding the claim so as to enable it to investigate and determine what course of action is necessary or required under the circumstances. See Cox, supra.
As previously indicated, a claimant's injury accrues at the point when the claimant becomes "entitled to maintain an action" on the claim. See Hill, supra. Locker was entitled to maintain his false-arrest and false-imprisonment claims on the dates of his arrests and imprisonment, i.e., on June 13, 2006, and on September 25, 2006. See Couch v. Cityof Sheffield, 708 So.2d 144, 154 (Ala. 1998) (noting that a claimant could have maintained an action against the municipality for false arrest and false imprisonment immediately after the claimant was arrested, "[notwithstanding the fact that his trial . . . was pending"). Both arrests occurred more than six months before Locker filed his amended complaint on April 4, 2007, and, thus, Locker's amended complaint was not filed within the time period prescribed in § 11-47-23. See Couch, 708 So.2d at 154 (noting that the requirements of § 11-47-23 were not met when both the notice of claim and the complaint were filed more than six months from the date of the arrest).
Therefore, because Locker did not file a timely notice of claim against the City, and because the original complaint and the amended complaint were both filed more than six months after the accrual of the alleged injuries described in those respective complaints, the claims against the City and Richey were barred, and the trial court's dismissal of Locker's complaint is due to be affirmed.
AFFIRMED.
THOMPSON, P.J., and PITTMAN, BRYAN, and MOORE, JJ., concur.